## SEYMOUR v. WHITE COUNTY.

(Circuit Court of Appeals, Seventh Circuit. February 13, 1899.)

BILL OF REVIEW—PETITION FOR LEAVE TO FILE—PRACTICE IN CIRCUIT COURT OF APPEALS.

On a petition to the circuit court of appeals, after a decision of that court affirming a judgment of the circuit court, for leave to file in the lower court a bill in the nature of a bill of review, it is deemed the better practice to grant such leave as a matter of course, unless there are special reasons to the contrary, without considering the merits of the proposed bill.

On Petition for Leave to File a Bill in the Nature of a Bill of Review.

Wm. E. Church and Geo. A. Sanders, for petitioner.

J. M. Hamill and J. R. Williams, opposed.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

PER CURIAM. This is a petition to this court for leave to file in the circuit court of the United States for the Southern district of Illinois a bill, in the nature of a bill of review, to obtain a new trial or reconsideration of the case of the petitioner against the county of White, in the state of Illinois, wherein the judgment rendered in favor of defendant was affirmed by this court, as shown by our opinion in Seymour v. White Co., 34 U. S. App. 658, 20 C. C. A. 402, and 74 Fed. 207. For the necessity of obtaining such leave reference is made to Bank v. Taylor, 9 U. S. App. 406, 4 C. C. A. 55, and 53 Fed. 854, in which Southard v. Russell, 16 How. 547, 570, and Kingsbury v. Buckner, 134 U. S. 650, 671, 10 Sup. Ct. 638, and other cases, are cited. A copy of the bill which it is proposed to file accompanies the petition, but, without consideration of its merits, it is deemed the better practice, unless for special reason to the contrary, to grant the petition as of course. To the extent, therefore, that the leave of this court is necessary and may be granted, it is ordered that the petitioner have leave to file in the court below the bill proffered, or such other or amended bill or petition as he may be advised, and that the costs of this proceeding be taxed against the petitioner.