GREENE et al. v. UNITED SHOE MACHINERY CO.

(Circuit Court of Appeals, First Circuit. March 10, 1903.)

No. 438.

**1. APPEAL—DISMISSAL ON APPLICATION OF APPELLANT—REOPENING OF CASE IN TRIAL COURT.**

Where an appeal has been taken from an interlocutory decree for an injunction and accounting in a patent suit, the Circuit Court of Appeals cannot remand the cause, with leave to the Circuit Court to reopen the decree for further proceedings, without first reversing, nor will it reverse the decree for that purpose, or with any directions, without an examination of the merits, but it may, on a proper application by appellant, dismiss the appeal without prejudice, where it does not appear that the appellee will be unduly prejudiced thereby. Marden v. Campbell Co., 67 Fed. 809, 15 C. C. A. 26, applied.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Charles H. Drew, for appellants.

James E. Maynadier (George A. Rockwell, on the brief), for appellee.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

PUTNAM, Circuit Judge. This appeal comes up from a decree in favor of the complainant below against the defendants, now the appellants, on a bill alleging infringement of certain letters patent issued for an alleged invention. The case was heard in the Circuit Court on bill, answer, and proofs, with a decree thereon for a master and an injunction. Thereupon, in accordance with the settled practice in this circuit, an appeal was taken to us as from an interlocutory injunction under section 7 of the act of March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 550], establishing the Circuit Courts of Appeals. The time for taking a new appeal from the interlocutory decree has long since expired, so that no further appeal will lie, unless, on proper proceedings, the decree appealed from can be and is reopened.

Since the appeal was entered in this court, the appellants have filed certain affidavits which they claim show important new matter, and which, as they further claim, if submitted to the Circuit Court, would justify that court in reopening the decree appealed from. As we view the present situation of the proceedings, it is not necessary that we should open these affidavits, except only far enough—as we have done—to satisfy ourselves that the appellants proceeded in good faith in filing them and in the applications which they have made to us in connection therewith.

Having filed these affidavits, the appellants first asked us to remand the cause to the Circuit Court, with leave to be given that court to reopen the record and permit the parties to proceed further as set out in the application. An application to remand, with leave for further proceedings in the court below, cannot ordinarily be made with reference to a final decree, because, ordinarily, an appellate tribunal can-

not interfere with proceedings below without first reversing or modifying the decree. This is a self-evident proposition, stated many times by the Supreme Court. That court has steadily pursued this practice from The Divina Pastora, 4 Wheat. 52, 65, 4 L. Ed. 512, to Murdock v. Ward, 178 U. S. 139, 149, 20 Sup. Ct. 775, 44 L. Ed. 1009. Ballard v. Searls, 130 U. S. 50, 56, 9 Sup. Ct. 418, 32 L. Ed. 846, was not an exception, because there the new matter strictly supplemented the decree below.

On an interlocutory decree, however, like that now before us, the Circuit Court has the case in its own breast, and on the dismissal of an appeal without prejudice can reopen any interlocutory proceedings if justice requires it. There may be some special exceptions to this general rule, although none now occurs to us. Notwithstanding this, however, the rule with reference to final decrees so far applies that we cannot ourselves interfere with further proceedings below without first reopening the interlocutory decree, either by a reversal or a modification of it. To remand without reversing or modifying is merely to dismiss the appeal.

It therefore follows that the original application could not be granted in the terms in which it was expressed. Subsequently the appellants twice amended their petition; the first time asking for a continuance in order to make, meanwhile, an application to the Circuit Court, and, next, to the effect that the decree below be reversed, and the cause remanded to the Circuit Court, in order that the court might reopen it, and permit the parties to proceed further. But to reverse even this interlocutory decree would be a serious matter, because thereby the complainant would lose its injunction pending a rehearing in the Circuit Court and another decree. Even in the ordinary case of an application to the appellate tribunal, after a decree, for leave to apply to the court below for supplemental proceedings, investigation is required, as was fully explained by us in Re Gamewell Company, 73 Fed. 908, 20 C. C. A. 111, and as practically applied with very much care and scrutiny in Boston & Revere Electric Street Railway Company v. Bemis Car-Box Company, 98 Fed. 121, 38 C. C. A. 661. Therefore, as a reversal means so much, any motion therefor, though only for the purpose of further proceedings in the court below, might involve such an examination of the merits as to require postponement of its consideration until the record is opened on the merits; but a proper application in this case would require no such labor.

The appellee remonstrates against the applications made by the appellants, but closes its brief as follows:

"Appellee, therefore, respectfully insists upon a hearing when the cause is reached in its order, unless the appeal before that day shall be dismissed on request of appellants. This was the course in Marden v. Campbell Co., 67 Fed. 809, 15 C. C. A. 26, and seems the proper practice."

We think this reference in every way pertinent. We have examined the record in Marden v. Campbell Co., and find the case in all respects like that at bar. There was an interlocutory decree for an injunction and a master, which had been appealed from. In fact, both parties appealed, but the cross-appeal we need not refer to. After the appeal was entered in this court, and the time within which a new

appeal could be taken had expired, the defendants below filed precisely the same motion as was the present application in its original form, and they accompanied it with affidavits of new matter, as now the appellants have done. The appellee objected to the motion on the ground that it was merely hanging up the case, "like Mahomet's coffin," between the two courts. In our opinion we observed—what has already been stated—that this court "has no power to remand except for the purpose of giving effect to some judgment of its own." We further added as follows:

"It is, however, entirely plain that the appeal given by the seventh section of the act referred to is a privilege or option, and in no way affects or diminishes the right to appeal from the final decree; and as the defendants below, on receiving from this court an oral intimation of the views above expressed, elect to dismiss their appeal without prejudice to their right to take any other appeal which the law may give them, and without prejudice to the questions which may thus be raised, we permit them so to do."

The order in that case was as follows:

"It is ordered that the appeal of the defendants below be dismissed without prejudice to any proceedings in the Circuit Court, or to their right to take any subsequent appeal, and without prejudice to the questions which may be raised by such subsequent appeal, if lawfully taken, but with costs for the complainant below."

In Seymour v. White County, 92 Fed. 115, 34 C. C. A. 240, it was held by the Circuit Court of Appeals for the Seventh Circuit that, even on petition for leave to commence in the lower court supplemental proceedings after a final decree on appeal, leave should be granted as a matter of course, unless there were special reasons to the contrary. As already shown with reference to proceedings of that character, we have refused to go to that extent; but in Marden v. Campbell Co., ubi supra, it appearing to us that the appellees were acting in good faith, and there being no special cause to the contrary, we gave them the proper relief, notwithstanding the form of their application, and allowed them to dismiss their appeal without prejudice. We can perceive no reason why we should not take the same course in the case at bar.

There is nothing in this conclusion inconsistent with what we held in Donallan v. The Tannage Patent Company, 79 Fed. 385, 24 C. C. A. 647. We there stated that an appellant cannot as of right dismiss his own appeal. That is clearly settled, and needs no further observation. We refused to expressly order that the dismissal should be without prejudice, although we said that we left it for the appellant to consider whether or not, after all, he would not obtain, by a mere dismissal of his appeal, all he would obtain if thus expressed. The circumstances were peculiar, as an examination of the record and the briefs makes clear. The appeal was from an ad interim injunction, and not from an injunction granted after a hearing on bill, answer, and proofs. The motion to dismiss was without any explanation of the reasons therefor. The appellee did not object to the dismissal, but it did object to its being expressed without prejudice. An ad interim injunction, notwithstanding an appeal, remains, to a certain extent, in the breast of the court below; and as it was not at all clear what effect

the court below might give to a dismissal expressed as asked for by the appellant, and as the appellee did not object to dismissal, but did object to the proposed qualification, and as, moreover, the appellant gave no reason for his application, we refused to interfere between the parties, and merely granted what the appellee consented to. In view, especially, of the fact stated in our opinion, that whether the appellant was not, in any event, sure of all he desired to reserve by the words "without prejudice" was for him to consider, it is plain that we determined nothing. We, however, did add to our judgment that the dismissal was on the motion of the appellant, and before any hearing on the merits; and, either with or without that statement, the probable effect of the dismissal would have been without prejudice.

We may well add here that the Supreme Court has shown a growing tendency to approve the practice of making it clear that a dismissal is without prejudice, or without a hearing on the merits, when there has been no such hearing. This begins at least as far back as the case of Durant v. Essex Company, 7 Wall. 109, 19 L. Ed. 154. So, in Gregory v. Boston Safe-Deposit & Trust Company, 144 U. S. 665, 668, 12 Sup. Ct. 783, 36 L. Ed. 585, the court was careful to modify the decree accordingly, thus acting out of greater caution to save the parties possible future embarrassment. Of course, under the English equity practice with regard to drawing decrees, nothing of this kind would be required, because the ground of dismissal appears; but with us, pursuant to the equity rules of the Supreme Court directing the forms of decrees, there is often an absence of any statement in this particular. The wisdom of this practice of expressing "without prejudice" when the case is not heard on the merits was shown in a marked way in Baker v. Cummings, 181 U. S. 117, 125, 21 Sup. Ct. 578, 45 L. Ed. 776, where long litigation was necessary in order to determine the fact whether the dismissal of a prior bill was a bar. Indeed, it would be sufficient on this point to quote Durant v. Essex Company, at page 109, 7 Wall., 9 L. Ed. 154, where the opinion says:

"Accordingly, it is the general practice in this country and in England, when a bill in equity is dismissed without a consideration of the merits, for the court to express in its decree that the dismissal is without prejudice. The omission of the qualification in the proper case will be corrected by this court on appeal."

Therefore, there would seem to be no question that, if this appeal is dismissed, the form of order used in Marden v. The Campbell Company, 67 Fed. 809, 15 C. C. A. 26, should be used.

The edition of Daniell's Chancery Practice of 1837–1841, commended to us by the Supreme Court as determining the rules of equity practice when not otherwise fixed by that court, says that, if an "appellant finds it expedient to withdraw his appeal, he must obtain leave of the House to do so by petition," but that the House will not grant the prayer "in some instances without the consent of the respondent's agent." The author adds, "For there may be cases in which it would be unjust to permit the appellant to withdraw his appeal, and thereby leave him at liberty, at a considerable distance of time afterwards, to bring a new appeal." This is the rule laid down in The United States

v. The Minnesota and Northwestern Railroad Company, 18 How. 241, 15 L. Ed. 347. At page 242, 18 How., 15 L. Ed. 347, the opinion says:

"The discontinuance is usually granted on the application, unless some special reason be shown by the defendant for retaining the case with a view to a determination on the merits. Usually, the courts will not allow it, if the party intend at some future time to bring a new appeal, as the allowance under such circumstances would be unjust to the defendant. There is no such ground of objection here, as the Attorney General disclaims trying the questions involved upon the present pleadings."

Also, at page 243, 18 How., 15 L. Ed. 347, the opinion says:

"The Attorney General, however, avers that there are other questions than those appearing on the record, which he deems material to be brought to the consideration of the court in deciding upon the force and effect of these acts of Congress referred to, and without which he is unwilling to submit the case to the final determination of this court; and asks, therefore, for a withdrawal of the appeal. Without expressing any opinion whether there may or may not be questions presented, other than those appearing upon this record, bearing upon the general matters involved in the litigation, the court are of opinion that the grounds stated by the Attorney General, and his opinion expressed as the legal representative of the government, are sufficient to justify us in granting leave for the discontinuance."

The result was that, although the motion was resisted by the counsel for the appellees, the court permitted the dismissal on the mere assurance of the Attorney General that he could make in the court below a different case from that which had come up on the writ of error. Indeed, everything which bears on an order to dismiss, which appeared in the case last cited, appears at bar; in each instance the court having only an assurance of good faith on the part of the appellant, with an absence of any particular circumstances to indicate that the appellee would be especially prejudiced by the dismissal. That we are not required to go further, or to investigate the probable result of an application on the part of the appellant to reopen the case in the court below, was absolutely settled by United States v. Griffith, 141 U. S. 212, 11 Sup. Ct. 1005, 35 L. Ed. 719. There the motion by appellants for leave to dismiss the appeal was accompanied by certain correspondence, which the court directed to be withdrawn, so as to leave no inference that it had reached any conclusion as to any matter touching the merits. The court added that the appellants might renew the motion, unaccompanied by other matter, and then the order of dismissal would be entered.

We are not dealing here with any special circumstances showing that the dismissal of the appeal would result in any peculiar injustice to the appellee. Indeed, as we have already shown, the appellee has made no objection; and we had no occasion to investigate the matters to which this opinion relates, except to make sure, in our own behalf, that our conclusions offer no inducement to a loose practice in the respects which the case involves.

The appeal is dismissed, without prejudice to any proceedings in the Circuit Court, or to the right to take any subsequent appeal, and without prejudice to the questions which may be raised by such subsequent appeal, if lawfully taken; and the appellee recovers its costs of appeal.