MOSSBERG et al. v. NUTTER et al.

(Circuit Court of Appeals, First Circuit. March 10, 1903.)

No. 449.

1. APPEAL—DISMISSAL ON APPLICATION OF APPELLANT—REOPENING OF CASE IN TRIAL COURT.

A request from the judge of the trial court, which entered an interlocutory decree for an injunction and accounting in a patent suit, from which decree an appeal is pending in the Circuit Court of Appeals, asking the return of the record that a supplemental bill in the nature of a bill of review may be permitted to be filed by defendant, based upon an examination of the showing of newly discovered evidence offered in support of the application, is sufficient to warrant the dismissal of the appeal without prejudice, as the decree appealed from was not final. Roemer v. Simon, 91 U. S. 149, 23 L. Ed 267, discussed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

See (C. C.) 118 Fed. 168.

William R. Tillinghast and Benjamin Phillips, for appellants.

James E. Maynadier, for appellees.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This case is practically disposed of by our opinion in Greene v. United Shoe Machinery Company (passed down this day) 124 Fed. 961. As there, a bill was brought for the alleged infringement of letters patent for an invention, and the decree below was for an injunction and an account, after a hearing on bill, answer, and proofs. An appeal was taken, as in Greene v. United Shoe Machinery Company, under the provision of statute relating to appeals from interlocutory decrees granting injunctions. The appellants now seek to have the case remitted to the Circuit Court for supplemental proceedings in that court by reason of alleged newly discovered evidence. They have not presented any formal motion, but they rely on a request from the learned judge who heard the case in the Circuit Court, as follows:

"To the Honorable the Judges of the Circuit Court of Appeals for the First Circuit, Greeting:

"A petition having been filed in the Circuit Court for the District of Massachusetts by the defendants in the case of Charles A. Nutter et al. v. Frank Mossbery et al., Equity No. 1,288, now pending upon appeal from this court under the title No. 449, Frank Mossberg et al. v. Charles A. Nutter et al., Equity, said petition praying that the said Circuit Court request from the Circuit Court of Appeals a return of the record in order that said Circuit Court may proceed further with the cause and grant leave to the said defendants to file in said Circuit Court a supplemental bill in the nature of a bill of review on the ground of newly discovered evidence, and it appearing to said Circuit Court after full hearing thereon that the prayer of said petition should be granted,

"The Circuit Court hereby, and upon the application of said defendants, requests the Honorable Circuit Court of Appeals to return to the Circuit Court the record in this cause in order that said Circuit Court may take further proceedings therein."

"October 15. 1902.                                   Arthur L. Brown, Judge."

While, as we have said, the appellants make no specific motion, they authenticate this request to the effect that we "return the record" in order that the Circuit Court may take further proceedings. To "return the record" is in effect to "remand" the case; so that what we have said in Greene v. United Shoe Machinery Company applies here. We can make no order with reference to proceedings in the Circuit Court unless we first reverse or modify, so that to "return the record" or to "remand" would be, in effect, the same; that is, to dismiss the appeal.

The method of proceeding here adopted for the purpose of securing a further opportunity in the Circuit Court is that suggested by the opinion of the Chief Justice in Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267. It was there said in substance that the Supreme Court could not proceed on the application of the parties, and that only the court below could make a request to the appellate tribunal looking to further proceedings below, so that the parties must address themselves to that court, and not to the appellate tribunal. The result of all that was said in Roemer v. Simon, if in all respects according to law, would seem to leave no remedy, even in a case of clear injustice, where an appeal had been taken from a final decree, and the term at which the decree was entered had expired, unless the appellate tribunal heard the case on its merits, and thereupon either reversed or affirmed, and, if affirming, granted leave to the parties to file an application for supplemental proceedings below. It may be that such is the law with reference to final decrees, although a careful consideration of some of the earlier decisions of the Supreme Court, and especially the later, seem to support a more liberal rule. The Divina Pastora, 4 Wheat. 52, 64, 65, 4 L. Ed. 512; Estho v. Lear, 7 Pet. 130, 131, 8 L. Ed. 632; Flanders v. Tweed, 9 Wall. 425, 431, 19 L. Ed. 678, 680; Wiggins Ferry Company v. Ohio and Mississippi Railway Company, 142 U. S. 396, 413, 416, 12 Sup. Ct. 188, 35 L. Ed. 1055; Mills v. Green, 159 U. S. 651, 653, 16 Sup. Ct. 132, 40 L. Ed. 293; Aldrich v. The Chemical Bank, 176 U. S. 622, 623, 20 Sup. Ct. 498, 44 L. Ed. 611; Murdock v. Ward, 178 U. S. 139, 149, 20 Sup. Ct. 775, 44 L. Ed. 1009; United States v. Rio Grande Company, 184 U. S. 423, 22 Sup. Ct. 428, 46 L. Ed. 619. In various proceedings which have been determined by the Supreme Court to be moot cases, the most informal method of ascertaining the facts has been accepted, and Kimball v. Kimball, 174 U. S. 158, 162, 19 Sup. Ct. 639, 641, 43 L. Ed. 932, laid down broadly the following rule:

"From the necessity of the case, this court is compelled, as all other courts are, to allow facts which affect its right and its duty to proceed in the exercise of its appellate jurisdiction, but which do not appear upon the record before it, to be proved by extrinsic evidence."

Finally, the liberality of the practice to which we refer is illustrated by the Circuit Court of Appeals for the Sixth Circuit in Barber v. Coit, 118 Fed. 272, 55 C. C. A. 145, and by us in The Carbonero, 106 Fed. 329, 45 C. C. A. 314. However, it is not necessary on this motion to scrutinize carefully Roemer v. Simon, ubi supra, because, among other reasons, that case related to a final decree, and, as shown in our opinion passed down in Greene v. United Shoe Machinery

Company, we are, on appeals from interlocutory decrees, free from many embarrassments arising on other appeals. In this case, the learned judge who sat in the Circuit Court has been willing to investigate the alleged new evidence, and to give the parties the benefit of his conclusions; and the fact that they have been laid before us by the appellants requires us to assume that they have adopted them. Therefore we have not only what was suggested by the Chief Justice in Roemer v. Simon, but all the assurance which was given us in Greene v. United Shoe Machinery Company, based on the result of the investigation of the learned judge who heard the case in the Circuit Court. This is, of course, sufficient for present purposes.

The appeal is dismissed, without prejudice to any proceedings in the Circuit Court, or to the right to take any subsequent appeal, and without prejudice to the questions which may be raised by such subsequent appeal, if lawfully taken; and the appellees recover their costs of appeal.