# GOLDSMITH *v.* VALENTINE.

APPEAL AND ERROR; COURTS; SUPERSEDEAS; COSTS.

1. Upon the perfecting of an appeal to this court, the lower court is ousted of its jurisdiction, and the cause is transferred to this court.

2. When the respondents in a habeas corpus proceeding give a supersedeas bond on taking an appeal from an order awarding the custody of the infant son of the petitioner to petitioner's brother, who is not a party to the proceeding, the lower court has no power thereafter, on motion of the petitioner, to direct the respondents to transfer the custody of the infant to the petitioner's brother pending the appeal, upon his giving a counter bond. (Construing D. C. Code, secs. 1143 to 1150, 31 Stat. at L. 1372, 1373, chap. 854, inclusive, and rule 10 of this court, and distinguishing *Slack* v. *Perrine,* 9 App. D. C. 128.) Under such circumstances, upon an application by the respondents for the writ of supersedeas to that court, this court expressed an opinion upon the point involved, but did not issue the writ, stating, however, that if it became necessary, respondents would be at liberty thereafter to renew the application. Costs in this court were awarded, however, against the petitioner.

No. 353 Original. Submitted May 6, 1910. Decided May 10, 1910.

HEARING on a petition for the writ of supersedeas to the Supreme Court of the District of Columbia.

*Petition not acted upon, but costs taxed.*

Mr. *Daniel W. O'Donohue* for the petitioner.

Mr. *A. S. Worthington* opposed.

PER CURIAM:

This is a petition [by Sarah C. Goldsmith and Loretta G. Bullock] for a writ of supersedeas to the supreme court of the District of Columbia. The material facts averred in the petition are as follows: On March 10th, 1910, one Charles M. Valentine filed a petition in said supreme court for a writ of habeas corpus, directed to Sarah C. Goldsmith and Loretta G. Bullock, requiring them to produce the body of the infant Russell G. Valentine, son of said petitioner. Mrs. Goldsmith is the maternal grandmother of the child, the mother having died in February, 1910, when the child was about eighteen months old.

Upon the hearing, the custody of the child was awarded to R. Frank Valentine, a brother of the petitioner, but not a party to said proceedings. Thereupon said respondents noted an appeal in open court, and gave notice that they would file a supersedeas bond. The court fixed the amount of said bond at $2,000. Said bond was duly executed and approved by the court and filed in said cause on May 3d, 1910. Notwithstanding the foregoing, the court, upon the request of counsel for said petitioner, Charles M. Valentine, and over the objections of counsel for said respondents, signed an order directing that the custody of said infant be transferred from said respondents to said R. Frank Valentine pending final determination of said appeal, upon condition that said R. Frank Valentine give a counter bond in the sum of $2,000, to be approved by said court. The petition herein states that said order has not yet become effective, that said Valentines are residents of the state

of Alabama, and that if said order becomes effective, it is the purpose of said R. Frank Valentine to remove said child to that state.

The sole question with which we are now concerned is whether the court had jurisdiction to enter said order, the cause in which it was entered having been appealed to this court and a supersedeas bond having been filed. Chapter 32 of the Code, sec. 1143 to 1150 [31 Stat. at L. 1372, 1373, chap. 854], inclusive, deals with the subject of habeas corpus. Sec. 1150 is entitled, "Right of Parent, Guardian, or Husband." This section provides that in a proceeding based thereon, "the court or justice, upon hearing the proofs, shall determine which of the contesting parties is entitled to the custody of the person so detained, and commit the custody of said person to the party legally entitled thereto." No authority is found in this section for the issuance of the order here involved.

Rule 10 of this court provides, in effect, that an appeal from any order, judgment, or decree of the supreme court of the District shall operate as a stay of execution or supersedeas, if an approved bond is filed, "conditioned for the successful prosecution of such appeal." The conditions of this rule having been complied with, we see no reason why the appeal was not as effective in this case as in any other. Upon the perfecting of said appeal, the court below was ousted of its jurisdiction, and the cause transferred to this court. *Draper* v. *Davis,* 102 U. S. 370, 26 L. ed. 121; *United States ex rel. Crawford* v. *Addison,* 22 How. 174, 16 L. ed. 304. The effect of the order of the court below might, and probably would, render futile the appeal taken. Such a situation cannot, of course, be permitted. The parties to the appeal are entitled to have the *status quo* maintained during its pendency. Certainly, after they have given a bond to stay all further action until the determination of their appeal, they ought not to be put in a position where they could be kept out of the rights determined in that appeal.

The argument that the welfare of the child would be subserved by such an order is, we think, entirely beside the question. If, as counsel contend, upon the issuance of the writ of

habeas corpus, the child, metaphorically speaking, was placed upon the knee of the court, we may answer that, upon the perfecting of said appeal, that custody was transferred to this court.

We find nothing in *Slack* v. *Perrine,* 9 App. D. C. 128, in conflict with our conclusion herein. In that case this court reversed the judgment of the supreme court, whereupon a writ of error was allowed to the Supreme Court of the United States. Pending the determination of that writ, this court directed the supreme court of the District to place the infant children in the custody of the appellant and successful party in this court. It will be noted that the supreme court of the District assumed no jurisdiction after appeal to this court. It is also to be noted that there was no supersedeas from the judgment of this court to the Supreme Court of the United States. That court, in dismissing the writ of error for want of jurisdiction, said: "We hold that this court has no jurisdiction to review the judgments of the court of appeals under such circumstances, and, as the writ of error must be dismissed, we ought not to consider the question whether the action of the court of appeals, after the writ of error had been granted and the judgment of that court superseded, was improvident or not." [164 U. S. 454, 41 L. ed. 510, 17 Sup. Ct. Rep. 79.]

Since it is probable that the learned court below, in issuing the order here involved, was influenced by the action of this court in the Perrine Case, we do not deem it necessary to do more than to express the opinion that that case is not controlling here. If it becomes necessary hereafter, counsel will be at liberty to renew their application. The costs of this proceeding, however, must be taxed against the petitioner below, said Charles M. Valentine, and it is so ordered.

Mr. Justice ANDERSON, of the supreme court of the District of Columbia, sat with the court in the hearing of the petition in this cause, in the absence of Mr. Chief Justice SHEPARD.