MURPHY v. MILFORD, A. & W. ST. RY. CO. (two cases).

(Circuit Court of Appeals, First Circuit. November 14, 1913.)

Nos. 1,026, 1,027.

APPEAL AND ERROR (§ 642*)—INSUFFICIENT BILL OF EXCEPTIONS—DISPOSITION OF CAUSE.

The rule applied that the Circuit Court of Appeals cannot remodel a bill of exceptions which is defective, but can only affirm or reverse the judgment, and will reverse and remand for a new trial where justice to either party requires it. Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267, distinguished.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 642.*]

In Error to the District Court of the United States for the District of Massachusetts; Francis C. Lowell, Judge.

Actions at law by John F. Murphy and by Rosella Murphy against the Milford, Attleboro & Woonsocket Street Railway Company. Judgment for defendant, and plaintiffs bring error. On motion in each case to dismiss writ of error. Denied.

See, also, 210 Fed. 137, 126 C. C. A. 651.

Francis I. McCanna, of Providence, R. I. (John Louis Sheehan, of Boston, Mass., and Barney & Lee, of Providence, R. I., on the brief), for plaintiffs in error.

William B. Sprout, of Boston, Mass. (Sprout & Kendall, of Boston, Mass., on the brief), for defendant in error.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. In these cases the defendant in error alleges that the bills of exceptions are essentially defective. The alleged defects relate particularly to a claim that evidence given by the defendant in the District Court in behalf of the defendant there was in the nature of rebuttal in regard to the alleged defect out of which the injuries were said to have arisen, especially in regard to the defendant's manner and system of inspecting its cars and equipment pertaining to such alleged defect. The motion refers to the fact that the bills of exceptions were not presented for allowance until almost six years after the trial, when the judge who presided at the trial had deceased, and the bills of exceptions were allowed by another judge sitting in the same court and the same district. The motion contains considerable extracts from the stenographic report of the evidence, which it is said was not submitted to the judge who signed the bills of exceptions, and as to which the defendant below had not been heard. The subject-matter of what is thus produced by the defendant seems to have been important, and perhaps material to the decision of the cases. Thereupon the defendant moves that each writ of error should be dismissed, without specifying what course of procedure should follow the dismissals. The court allowed the plaintiffs in error to file a brief in answer to the motions, but the same throws no particular light upon this issue.

The bills of exceptions were allowed in accordance with section 953 of the Revised Statutes, as amended by the act of June 5, 1900, c. 717, § 1, 31 Stat. 270 (U. S. Comp. St. 1901, p. 696). This provides for the allowance of a bill of exceptions by a succeeding judge under the circumstances occurring here; but it adds nothing to and detracts nothing from the procedure and the powers of the appellate court with reference to bills of exceptions when once allowed. The law is thoroughly settled that the appellate tribunal has no power to remodel a bill of exceptions; and this, so far as we know, has stood unchanged from the beginning. Stimpson v. Railroad Company, 3 How. 553, 556, 11 L. Ed. 722, decided at the January term, 1845, and Metropolitan Railroad Company v. District of Columbia, 195 U. S. 322, 330, 25 Sup. Ct. 28, 49 L. Ed. 219, decided on November 28, 1904.

Such being the fact, the practice has been fully settled in this circuit in Merrill v. Floyd, 50 Fed. 849, 2 C. C. A. 58, decided on June 30, 1892, in Smith v. Weeks, 53 Fed. 758, 3 C. C. A. 644, decided on January 10, 1893, and in Greene v. United Shoe Machinery Co., 124 Fed. 961, 60 C. C. A. 93, and Mossberg v. Nutter, 124 Fed. 966, 60 C. C. A. 98, both decided on March 10, 1903. The only possible doubt arose from an attempt in these cases to relieve to some extent the hardship of the rule as applied in Roemer v. Simon, 91 U. S. 149,

23 L. Ed. 267. There something was said in reference to the result if the judge of the trial court should ask for a return of the record in order that it might be amended; but, in the absence of such a request, which is not found here, the opinion said that the appellate court could "only affirm, reverse, or modify the decree appealed from, and that upon the hearing of the cause." This, it is true, related to a bill in equity; but the rule is the same, as our decisions state, on writs of error.

According to the authorities cited, if we had dismissed these writs of error, it would, under the circumstances, bar the plaintiffs in error from any remedy whatever, so that the only practical effect of the defects in the bills of exceptions claimed by the defendant in error, which defects must have been casual, would have been to deprive the plaintiffs in error utterly of all relief. Under those circumstances, we would not, of course, dismiss the writs of error if we had merely been authorized to; and the law does not so authorize us. Fortunately, on the new trial which we have ordered, the defendant in error will have an opportunity to make up an entirely new record, under more favorable circumstances than those apt to arise in connection with the settlement of a bill of exceptions by a judge not familiar with the case, six years after the trial occurred.

In each case the motion to dismiss the writ of error is denied.