WAGNER et al. v. MECCANO, Limited.

(Circuit Court of Appeals, Sixth Circuit. October 11, 1916.)

No. 2977.

1. APPEAL AND ERROR &⟶438—EFFECT OF APPEAL—RIGHT TO REOPEN CASE.
    After an interlocutory decree in favor of complainant in a patent case, and after an appeal had been allowed and perfected, but before the statement of the evidence had been settled in the district court or the transcript had been filed on appeal, the defendant discovered a new anticipation and moved for an order directing the reopening of the case and receipt of further evidence. *Held* that, as jurisdiction of the District Court to reopen would have been lost by perfection of appeal from a final decree, and as the District Court in any event would hesitate to entertain any such proceedings, the appellate court will authorize the District Court to receive and consider the application as if it had been made before the granting of the appeal, with leave to request a dismissal of the appeal and remand of the record in case the district court should deem the case should be reopened.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2196; Dec. Dig. &⟶438.]

2. APPEAL AND ERROR &⟶1197—REMAND—POWER OF TRIAL COURT—LAPSE OF TERM.
    In such case, the lapse of a term of the District Court while the cause was in the appellate court will not deprive the District Court, the decree being interlocutory, of the right, after dismissal and remand, to set aside its original decree.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4666, 4667, 4669–4671; Dec. Dig. &⟶1197.]

On motion by appellants for an order authorizing and directing the District Court to reopen the case and receive further evidence. On motion by appellee to dismiss. Matter referred to District Court, with leave to reopen case. For opinion below, see 234 Fed. 912.

Toulmin & Toulmin, of Dayton, Ohio, for appellants.

Reeve Lewis, of Washington, D. C., and Ralph L. Scott, of New York City (Healy, Ferris & McEvoy, of Cincinnati, Ohio, on the brief), for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. After an interlocutory decree in favor of plaintiff in a patent case, and after an appeal to this court has been allowed and perfected, but before the statement of evidence has been settled in the District Court, and so before the transcript has been filed in this court, the defendant discovers a new anticipation, and moves this court for an order authorizing and directing the district court to reopen the case to receive further evidence.

[1] If the decree below had been final, the jurisdiction of that court to reopen would have been lost by the perfected appeal; and, whether or not with this decree it had power, that court would hesitate to entertain any kind of proceedings looking to revision unless this court so ordered. We think it would be the most satisfactory practice in the sit-

uation here existing that this court should authorize the District Court to receive and consider the application from the same point of view as if it had been made before the appeal was perfected; that, if the District Court should think reopening proper, it should certify to this court a request for dismissal of the appeal and the remanding of the record for that purpose; and this court could then dismiss the appeal accordingly, and without prejudice. Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267; Cimiotti Co. v. American Co. (C. C. A. 2) 99 Fed. 1003, 39 C. C. A. 677; Nutter v. Mossberg (D. C. Mass.) 118 Fed. 168; Mossberg v. Nutter (C. C. A. 1) 124 Fed. 966, 60 C. C. A. 98; Greene v. United Co. (C. C. A. 1) 124 Fed. 961, 60 C. C. A. 93.

[2] The lapse of a term while the cause was in this court would not deprive the District Court of the power, after such dismissal and remanding, to set aside the decree and reopen the case; at least where the decree was, as here, interlocutory. Mossberg v. Nutter, 124 Fed. 966, 967, 60 C. C. A. 98.

In the meantime, and for such period as the District Court approves, the time for filing the record on the appeal now pending can be extended. If the District Court should not think proper to reopen, then the appeal can proceed, and the party desiring reopening can, by ancillary appeal or otherwise, invoke any power of review this court may have.