REED v. THOMPSON et al.

(Third Division. Valdez. July 20, 1917.)

No. S/49.

APPEAL AND ERROR ⊂⇒1178(2)—JUDGMENT—DIRECTING NEW TRIAL.

There was judgment for the plaintiff in this court. Defendant appealed, and the appellate court reversed the cause and remanded same, with instructions to afford the appellee the opportunity to take such proceedings as are suggested in Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267. The plaintiff herein has filed a motion and a petition for rehearing to permit him to produce evidence of the fraudulent character of the defendant Thompson's deed to Cummings. *Held*, the reversal and the order of the appellate court serves as a vacation of the former judgment and decree of this court. The appellate court has the undoubted right to remand a case, either in law or in equity, with instructions to grant a new trial or rehearing, or to take such further proceedings as may be directed, or indicated in the opinion of the court. Petition granted.

The above-entitled action was tried at Seward and judgment rendered in favor of plaintiff against the defendant on the 1st day of December, 1915. Appeal was taken by the defendant to the Circuit Court of Appeals, and on the 8th day of January, 1917, the case was decided in the Circuit Court of Appeals. 238 Fed. 341, 151 C. C. A. 357. The mandate, omitting the formal parts, is as follows:

"On consideration whereof, it is now here ordered, adjudged, and decreed by this court that the decree of the said District Court in this cause be, and hereby is, reversed, with costs in favor of the appellant and against the appellee, and that said cause be, and hereby is, remanded to said District Court, to afford the appellee the opportunity to take such proceedings as are suggested in Roemer v. Simon, 91 U. S. 149 [23 L. Ed. 267]."

The said mandate was filed in the office of the clerk of this court on the 8th day of June, 1917. On the 13th day of June,

---

⊂⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1917, the plaintiff filed a motion and petition for rehearing, pursuant to said judgment and mandate of the said Circuit Court of Appeals, to permit the plaintiff to produce evidence of the fraudulent character of the deed from Thompson to Cummings.

J. L. Reed and Lyons & Ritchie, all of Valdez, for plaintiff. Morford & Finnigan, for defendants.

BROWN, District Judge. The plaintiff, Reed, has filed a brief of considerable length in support of said petition, upon the theory that this court is the one to open up, or vacate, or set aside the decree rendered on December 1, 1915, and to grant a rehearing, and counsel for the defendant Ellis have followed the same theory in their brief.

The case of Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267, is one where it was held, after an appeal had been perfected, the court cannot, upon motion of the appellant, set aside a decree of the court below and grant a rehearing. The court says:

"We can only affirm, reverse, or modify the decree appealed from, and that upon the hearing of the cause."·

And the court further says that it would be useless to remand the cause, for the reason that the court below cannot grant a rehearing after the term at which the final decree was rendered, citing equity rule 88 (now equity rule 69 [198 Fed. xxxviii, 115 C. C. A. xxxviii]), which provides:

"No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the Circuit Court of Appeals or the Supreme Court. But if no appeal lies, the petition may be admitted at any time before the end of the next term of the court, in the discretion of the court."

The case of Mossberg v. Nutter, 124 Fed. 966, 60 C. C. A. 98, is likewise a case where, after perfecting an appeal, the appellant, through the judge of the court below, requested the Circuit Court of Appeals to return the record to the court below, where further proceedings might be taken therein.

In the case at bar, however, this court is not asked or required to vacate its judgment after the term at which it was rendered has lapsed, or after the next succeeding term has lapsed, and grant a new trial or a rehearing, but the Circuit Court of Appeals has already done this, by hearing the appeal and re-

versing the judgment of this court, and has intimated, in such a way that it ought to be accepted and followed by this court as a direction, that the plaintiff be permitted to take proceedings to supplement his proof. It is not necessary that the Circuit Court of Appeals be requested to remand the case, for they have already done so.

Upon the trial of this cause, the only question urged or argued by counsel, or called to the attention of the court, was the question as to the sufficiency of the notice brought home to Ellis of the attachment levied upon the mining ground in question. Upon this question the appellate court affirmed the ruling of this court. During the trial a decree, affirmed by the Circuit Court of Appeals in the case of Reed v. Thompson, was offered and received in evidence, over the formal objection of defendant Ellis. The matter was not discussed or considered at the time, but it was assumed that, inasmuch as the evidence showed Ellis to be in privity with Thompson, and Cummings, he was bound by said decree, although not a party to the action in which that decree was rendered. It was upon the ground that the said judgment in the case of Reed v. Thompson was not binding upon Ellis that this cause was reversed and remanded, with the instructions above stated. The decree is not simply reversed, with instructions to dismiss the plaintiff's complaint. The appellate court has an undoubted right to remand a case, either in law or equity, with instructions to grant a new trial or rehearing, or take such further proceedings as may be directed or indicated in the opinion of the court.

In the case of Gas Company v. Peoria, 200 U. S. 54, 26 Sup. Ct. 215 (50 L. Ed. 365), the court says:

"This case was tried on one theory and decided on another. While that does not always and necessarily constitute error, yet under the circumstances, as disclosed by the record, we are of opinion that injustice has probably resulted and that there should be a reversal of the decree and a further examination in the Circuit Court."

In the case of Barber v. Coit, 118 Fed. 272, 55 C. C. A. 145, it is said:

"*Appeal—Reversal—Incompleteness of Record.*—Where the record fails to show facts which are essential to enable the appellate court to safely decide the cause, it will reverse the decree on its own motion, and remand the case for a rehearing."

5 A.R.—45

In the case of Westinghouse Co. v. Wagner Mfg. Co., 225 U. S. 622, 32 Sup. Ct. 697 (56 L. Ed. 1222, 41 L. R. A. [N. S.] 653), the court says:

"This conclusion would apparently result in a decree in favor of the appellant. But such an order, under the peculiar facts of this case, would operate to deprive the defendant of the right to a ruling on the exceptions filed to the report. * * * Other questions of law and fact involved in the accounting were not considered. Neither the court nor the master discussed the question. Apportionment and the record does not afford satisfactory data for entering a final decree. This no doubt arises from the fact that both parties relied so entirely upon their theory that the burden was on the other that facts were not proved which might otherwise have been established. The decree is therefore reversed and the case remanded, with power to hear and determine motions to amend the pleadings, and with directions that the case be recommitted to a master for a new hearing on all the questions involved in the original reference, and, on evidence already submitted and such additional testimony as may be offered, for further proceedings not inconsistent with this opinion."

Said petition of plaintiff will be granted, and plaintiff be permitted to produce such additional proof to support the allegations of his amended complaint as above indicated.