FIRESTONE TIRE & RUBBER CO. v. SEIBERLING.

(Circuit Court of Appeals, Sixth Circuit.  November 6, 1917.)

No. 2954.

1. PATENTS �köö321—INFRINGEMENT—PRO FORMA DECREES—PRACTICE.
    Pro forma interlocutory decrees by the trial court are not favored.
2. PATENTS �köö324(5)—INFRINGEMENT—REVIEW—DISMISSAL.
    In a suit for infringement of patent, defendant, after argument and submission of an appeal from an interlocutory decree for complainant, set up the recent discovery of a Belgian patent as important, as bearing on the validity and scope of one of the patents in suit, and asked that it be permitted in some method to bring the patent into the record before decision.  It appeared that defendant was not guilty of laches in dis-covering the patent, and that it was of such superficial resemblance to one in suit that, if it were excluded and the decree below affirmed, fur-ther litigation would be probable.  *Held*, that there was no available pro-cedure, unless the parties stipulate otherwise, to bring the patent into the case, except to dismiss the appeal without prejudice and remand the case, with directions that it be reopened for additional proofs.
3. PATENTS �köö324(6)—INFRINGEMENT—DISMISSAL OF APPEAL.
    In such case, directions that the suit be reopened for additional proofs, and that, in the light of the original record and such proofs, it again be heard and decided, is not beyond the power of the Circuit Court of Ap-peals.

In Equity.  Bill by Frank A. Seiberling against the Firestone Tire & Rubber Company.  From an interlocutory decree for complainant, defendant appeals.  After remand, but before decision, defendant set up the recent discovery of a Belgian patent, said to be important as bearing on the validity and scope of one of the patents in suit, and on motion to reopen prayed permission to bring the patent into the rec-ord before decision.  Appeal ordered dismissed, unless within 15 days parties by stipulation dispose of the matter of the newly discovered patent.

See, also, 234 Fed. 370; 235 Fed. 891, 149 C. C. A. 203.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM.  The court below made the usual interlocutory decree for complainant in a patent case.  After the appeal had been argued and submitted to this court, but remained undecided, the ap-pellant alleged the recent discovery of a Belgian patent, said to be important as bearing on the validity and scope of one of the patents in suit, and asked that it be permitted in some method to bring this patent into the record before the case was decided.  We have reached three conclusions:

The first is that the delay in the discovery of the patent is so far accounted for that reopening should not be denied on the ground of laches.

The second is that the Belgian patent bears a sufficient relation to the controversy, so that the interests, both of the parties and of the

public, make it inadvisable to proceed to a final decision without the presence in the record of this patent and such proofs as the parties desire to take concerning it. In saying this, we intimate no opinion as to whether it will eventually be found materially pertinent; we say only that it has enough superficial resemblance to the second patent in suit so that, if it were excluded from present consideration, and if the decree below were affirmed, further litigation would be probable.

[1, 2] The third is that, giving due regard to the merely appellate jurisdiction of this court, and to the rule that pro forma decrees by the trial court are not favored (Cramp v. Curtiss, 228 U. S. 645, 649, 33 Sup. Ct. 722, 57 L. Ed. 1003), there is no available procedure (unless all parties agree otherwise), except to dismiss this appeal, without costs and without prejudice, and remand the case, with directions that it be reopened for additional proofs on this subject, and that, in the light of the original record and these additional proofs, it be again heard and decided by the trial court. If there shall then be another appeal, the present printed record can be used, with the necessary supplement, and the necessary further hearing in this court will be immediate.

[3] We have decided the issues of laches and prima facie pertinence rather than remit them to the trial court, as we did in Wagner v. Meccano, 235 Fed. 890, 149 C. C. A. 202, because this case has been finally argued before us. A reversal of the decree by us might materially affect some proceedings below which depend on the decree; and we perceive no lack of power to give, regarding an interlocutory decree, those directions which we have specified. See Greene v. U. S. Co. (C. C. A. 1) 124 Fed. 961, 962, 60 C. C. A. 93.

Accordingly, unless within 15 days the parties otherwise dispose of the matter by stipulation, the appeal will be dismissed, and a mandate immediately issue in accordance herewith.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes