**UNITED STATES v. NEWBURY MFG. CO. et al.**

**No. 3703.**

Circuit Court of Appeals, First Circuit.

Nov. 21, 1941.

See, also, 1 F.R.D. 718.

Gerald J. McCarthy, Asst. U. S. Atty., of Boston, Mass., for appellant.

Mark M. Horblit and Harry Bergson, both of Boston, Mass., for appellees.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

The United States brought in the court below three actions for breach of contract. The first (No. 762) was against Newbury Mfg. Co. and Belmont Knitwear Co., both Massachusetts corporations; the second (No. 763) against Newbury Mfg. Co. and Robert P. Cable; and the third (No. 764) against Belmont Knitwear Co. and Robert P. Cable.

In each case the defendants moved that the complaint be dismissed for failure to state a cause of action. On January 16, 1941, the District Court entered judgments dismissing the complaints as to both defendants in No. 762 and No. 764; and in No. 763 entered judgment of dismissal as against defendant Cable only. 36 F.Supp. 602. The plaintiff did not move in the District Court for leave to amend the complaints, but on April 14, 1941, two days before the expiration of the time for taking

an appeal, filed notices of appeal from the judgments of dismissal in all three cases. These appeals have been consolidated in this court.

On May 22, 1941, the plaintiff requested the District Judge to ask us to remand the cases so that motions for leave to file amended complaints could be filed in the court below and entertained by it. The District Judge refused to make the request; it does not appear why he refused.

On August 26, 1941, the plaintiff-appellant moved this court to vacate the judgments of dismissal and to remand the cases to the District Court so that the plaintiff might there present motions for leave to file amended complaints in the three actions and also a motion to join Cable as a party defendant in No. 762.

Before considering what action we ought to take on the pending motion, it is in order to inquire what power the District Court would have had as to allowance of amendments had no appeals been taken to this court. Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides:

"(a) Amendments. A party may amend his pleading once as matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Apparently a motion to dismiss is not a "responsive pleading" within the meaning of the rule. Cf. Rules 7(a) and 12(b). Therefore, by a literal reading of Rule 15 (a) it might be argued that a plaintiff would be entitled as of right to one amendment of his complaint, without any limit of time, despite the filing of a motion to dismiss. However, it could hardly have been intended that a plaintiff should have the right to amend without limit of time after a judgment of dismissal had been entered; nor could it have been intended that the trial court should have discretionary

power for an unlimited time after such judgment of dismissal to vacate the judgment and allow an amendment of the complaint. Such a construction of Rule 15(a) would be out of harmony with Rule 59(b) which narrowly limits the period within which a motion for a new trial can be made after the entry of judgment.

Presumably the District Court has some discretionary power, after a judgment of dismissal, to vacate the judgment and to allow the filing of an amended complaint, even though the judgment does not expressly reserve leave to amend. See Earhart v. Valerius, D.C.W.D.Mo.1938, 25 F. Supp. 754. But it seems likely that this discretionary power to vacate the judgment of dismissal can be invoked only upon motion made within six months after its entry, as provided in Rule 60(b).[1] See Kroell v. New York Ambassador, Inc., 2 Cir., 1939, 108 F.2d 294, 296. However, we need not decide this point at the present time.

If power would now lie in the District Court to allow an amendment except for the fact that the appeals are pending, the plaintiff could move in this court to dismiss its appeals, and thus restore the jurisdiction of the District Court. Greene v. United Shoe Machinery Co., 1 Cir., 1903, 124 F. 961; Baltimore S. S. Co. v. Phillips, 2 Cir., 1925, 9 F.2d 902, 903. Or, in the alternative, we might upon request from the District Court remand the cases, which would amount to a dismissal of the appeals. Roemer v. Simon, 1875, 91 U.S. 149, 23 L.Ed. 267; Mossberg v. Nutter, 1 Cir., 1903, 124 F. 966; Cimiotti Unhairing Co. v. American Unhairing Machine Co., 2 Cir., 1903, 99 F. 1003.

The procedure is discussed by the court in Baltimore S. S. Co. v. Phillips, supra, 9 F.2d at page 903 as follows:

"Of course, the appellant may always move to dismiss his appeal (Greene v. United, etc., Co. [1 Cir.], 124 F. 961, 60 C.C.A. 93), and no request is necessary for that purpose. But in so doing he risks all on his cast in the District Court, for it may be too late after decision for a new appeal. Similarly, if on the appellant's motion the District Court asks for a remittitur before deciding the motion, as was apparently the

---

[1] As previously stated, the plaintiff on May 22, 1941—within six months after entry of the judgments of dismissal—applied to the District Judge seeking to have him request the Circuit Court of Appeals to remand the cases so that motions for leave to file amended complaints might be filed in the District Court. We do not undertake to say whether this might be considered a substantial compliance with the requirement of Rule 60(b), assuming its applicability.

case in Mossberg v. Nutter [1 Cir.], 124 F. 966, 60 C.C.A. 98, and as the District Court did in the case at bar. The safest way is for the District Court, if disposed to entertain the motion at all, to ask leave of this court to do so. If this is given, it may proceed, the appeal still pending. Should it decide to reopen, it may then request remittitur, and the appellant will have risked nothing. This was the course approved by the Circuit Court of Appeals for the Sixth Circuit in Meccano v. Wagner, 235 F. 890, and we also approve it. Sundh Elec. Co. v. Cutler-Hammer Mfg. Co. [2 Cir.], 244 F. 163, 170, 171, 156 C.C.A. 591."

But the foregoing is on the assumption, which we deem highly questionable here, that a motion for leave to amend the complaints would still be timely if the District Court should now reacquire jurisdiction of the cases by dismissal of the appeals. Taking, however, the other assumption, namely, that under Rule 60(b) the District Court could not vacate its judgments of dismissal for the purpose of allowing an amendment when motion for leave to amend is filed after the expiration of six months from the entry of the judgments, the plaintiff would gain nothing by a simple remand of the cases to the District Court.

█ The plaintiff does not now ask for a dismissal of its appeals. Nor has the District Court requested us to remand the cases so that it might entertain motions for leave to amend the complaints. Nor does the plaintiff ask us now to review the record on the merits for the purpose of determining whether it contains any error, and after such review to remand the cases for such further proceedings as justice might require. 28 U.S.C.A. §§ 876, 877. Upon the contrary, we are asked, without review of the merits in the exercise of our appellate power, to vacate the judgments below, and thus to remove the obstacle to the allowance of an amendment which the plaintiff rightly fears may exist in the terms of Rule 60(b). We are unable to find any such dispensing power in the Circuit Court of Appeals. See Roemer v. Simon, 1875, 91 U.S. 149, 23 L.Ed. 267; Realty Acceptance Corp. v. Montgomery, 1932, 284 U.S. 547, 52 S.Ct. 215, 76 L.Ed. 476; Marden v. Campbell Printing-Press & Mfg. Co., 1 Cir., 1895, 67 F. 809. Even if we had such power, we should be disinclined to exercise it in the absence of a request by the District Court. And the case would have to be an extraordinary one indeed for us to exercise the power in the face of an express refusal of the court below, as here, to make the request. We perceive no such extraordinary circumstances in the cases now before us.

The motion to vacate and remand is denied.

Circuit Court of Appeals, Ninth Circuit.