**SWITZER et al. v. MARZALL, Commissioner of Patents.**

Civ. No. 597–49.

United States District Court
District of Columbia.
March 2, 1951.

Albert L. Ely, Cleveland, Ohio, Bacon & Thomas, Washington, D. C., for plaintiffs.

E. L. Reynolds, Solicitor, U. S. Patent Office, Joseph Schimmel, Washington, D. C., for defendant.

KEECH, District Judge.

The question before the Court is whether it has jurisdiction to entertain defendant's "Motion to Obtain Relief from Decree."

Briefly, the chronology of this case is as follows:

December 13, 1950, the decree authorizing issuance to plaintiff of letters patent was signed.

January 30, 1951, defendant filed his motion for relief from the decree on the ground of newly discovered evidence (an alleged anticipation by the prior art, of which defendant was ignorant at the time of trial) under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

February 2, the Court approved a stipulation by the parties that plaintiff's time to file opposition to the motion be extended to and including February 12, as counsel had previously agreed.

The Assignment Commissioner, being without knowledge of the stipulation until February 5, notified the parties that the motion would be set for oral argument on February 9, and on learning of the stipulation reset the motion for February 16.

February 10, 1951, two days short of the 60-day appeal period, defendant filed a notice of appeal to the United States Court of Appeals for the District of Columbia from the decree of December 13, 1950. Since an official acting for an agency of the United States is not required to file

an appeal bond, 28 U.S.C.A. § 2408, the defendant's appeal herein was perfected on his noting of appeal.

When the motion came on for hearing, the Court raised the question whether the defendant by noting his appeal had divested the trial court of jurisdiction to act on his pending motion.

■■ The basic rule is that two courts cannot have jurisdiction of the same case at the same time, and that on perfecting of appeal the lower court is ousted of its jurisdiction. Draper v. Davis, 102 U.S. 370, 26 L.Ed. 121; Keyser v. Farr, 105 U.S. 265, 26 L.Ed. 1025; Goldsmith v. Valentine, 35 App.D.C. 299; Lasier v. Lasier, 47 App.D.C. 80.

This principle· was followed in Wagner v. Meccano, Ltd., 6 Cir., 235 F. 890, and Mossberg v. Nutter, 1 Cir., 124 F. 966, patent cases in which the defeated party sought to reopen the proceedings in the trial court after perfecting an appeal, and in which the trial court was held without jurisdiction to reopen while the cases were pending on appeal.

The basic rule was not changed by adoption of the Federal Rules of Civil Procedure. In Radtke v. American Tri-Ergon Corp., 71 App.D.C. 375, 114 F.2d 15, it was held that the District Court was without jurisdiction to enter an order after appeal had been perfected and after the Court of Appeals had obtained exclusive jurisdiction; citing Lasier v. Lasier and Keyser v. Farr, supra. Prior to the amendments of the Federal Rules of Civil Procedure, which became effective in March, 1948, the general view was that after notice of appeal was filed the district court had no authority to proceed further except in aid of the appeal. Miller v. United States, 7 Cir., 114 F.2d 267; Jordan v. Federal Farm Mortgage Corp., 8 Cir., 152 F.2d 642, certiorari denied 328 U.S. 852, 66 S.Ct. 1339, 90 L.Ed. 1624; Schram v. Safety Inv. Co., D.C., 45 F.Supp. 636.

■ The question therefore narrows down to whether the principle has been modified by the 1948 amendments to the Federal Rules, particularly Rule 60(b).

Rule 60(b), as amended, provides that the court may relieve a party from a final judgment on the ground (among others) of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), that the motion shall be made not more than one year after the judgment was entered, and that such motion shall not affect the finality of a judgment or suspend its operation.

In Daniels v. Goldberg, D.C., 8 F.R.D. 580, 581, it is stated: "The amendments to the Rules specifically give to the district court power to act in certain instances after an appeal has been filed, Rules 60(a) and 73(a), but none of these confer on a district court the power to vacate a judgment after an appeal has been filed."

The only case cited by either counsel which was decided subsequent to the 1948 amendments on the question of the power of the trial court to act, after appeal, on a motion filed in the trial court prior to appeal, is Secretary of Banking of Pennsylvania v. Alker, 3 Cir., 183 F.2d 429. There a motion to substitute the State Secretary of Banking as plaintiff was filed and argued prior to noting of an appeal, but the order granting the motion was not signed until after the appeal had been taken. It was held by the Third Circuit that the district court had no right to act on the motion, having lost jurisdiction of the case when appeal was filed.

Defendant admits that the rule is abundantly clear that the trial court has no power to consider a motion to vacate judgment under Rule 60(b) if filed after notice of appeal, but contends that where a proper and timely motion is filed in the trial court prior to filing of an appeal, the trial court retains jurisdiction to pass on such motion. Defendant argues, "To say to such litigant who has filed a timely motion under Rule 60(b) that the preservation of his right to· appeal by the subsequent filing of a notice of appeal deprives him of the right to be heard on his motion under Rule 60(b) is to emasculate and to destroy completely the whole spirit and intent of the rules. If that be the interpretation to be placed upon

the rules, then the right presumably given any defeated litigant to move for relief from a final judgment within a reasonable time, provided by Rule 60(b), becomes one reserved only for those litigants who do not appeal. It is earnestly submitted that no such interpretation should be placed upon the rule and that the Court should adopt a liberal attitude so as to give effect to the obvious intent of the rules to do justice in the premises."

This Court is unable to see why it is any more unjust to deprive the litigant who has filed a motion to vacate judgment under Rule 60(b) and then noted his appeal, of a determination on such motion, than it is to deprive a litigant of his right to file any motion to vacate under Rule 60(b) after he has noted an appeal. Defendant's arguments would seem equally applicable to both cases, and yet defendant recognizes, without objection, that the trial court is without jurisdiction in the latter situation.

The provision of Rule 60(b) that, "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation," was included in the rule before the 1948 amendment; and it has not been interpreted as changing the general rule that the trial court is without authority to act once it has been divested of jurisdiction by taking of an appeal. It is the view of this court that Rule 60(b) contemplates motions in cases where the trial court has jurisdiction, that it does not permit the filing or determination of motions in the trial court while the cause is pending in the appellate court, and that there is no reasonable basis for any other conclusion.

The trial court's divestiture of jurisdiction while a case is on appeal is founded on practical, common sense considerations. As stated by our Court of Appeals in Goldsmith v. Valentine, supra, the effect of an order of the court below while a case is on appeal "might, and probably would, render futile the appeal taken. Such situation cannot, of course, be permitted. The parties to the appeal are entitled to have the status quo maintained during its pendency."

It should be pointed out that defendant is not without means in the instant situation to obtain consideration of his alleged newly discovered evidence by the trial court, in the interest of justice; but such consideration must be obtained in an orderly manner. In prior cases where the same situation has arisen, the moving party has applied to the trial court to request a remand of the case by the appellate court, in order that further testimony may be received.

 Counsel for plaintiff will prepare an order denying defendant's motion for relief from the decree.