**RIPPLE SOLE CORPORATION,**
Plaintiff, Appellant,

v.

**AMERICAN BILTRITE RUBBER CO.,**
Inc., Defendant, Appellee.

**No. 6121.**

United States Court of Appeals
First Circuit.

Submitted April 1, 1963.

Decided April 16, 1963.

Edwin J. Balluff, Charles R. McKinley, Detroit, Mich., Irving U. Townsend, Jr., Boston, Mass., and Balluff & McKinley, Detroit, Mich., for appellant on brief, in opposition to motion.

Melvin R. Jenney, Richard R. Hildreth, Clarence S. Lyon, and Kenway, Jenney & Hildreth, Boston, Mass., for appellee

on motion and memorandum in support thereof.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

Subsequent to our decision of this case on May 3, 1962, reported 302 F.2d 2, petition for rehearing denied May 22, 1962, motion for leave to file petition for reconsideration denied June 28, 1962, cert. denied 371 U.S. 876, 83 S.Ct. 146, 9 L.Ed. 2d 114 (1962), the appellant, Ripple Sole Corp., filed a motion in the court below under Rule 60(b) of the Fed.R. Civ.Proc. for relief from the judgment entered against it by reopening the case, with leave of this court,* for the consideration of new evidence. The new evidence submitted in support of the motion is that after the decision of this court holding the Hack patent invalid, the defendant, American Biltrite Rubber Co., Inc., began to make and market soles in "exact imitation" of the sole disclosed in the patent and that in 1961 the sale of Ripple soles exceeded by over 60% the sale of such soles in 1960. The contention is that such evidence clearly demonstrates as a fact that the Hack sole, contrary to the finding of the court below affirmed by this court, possesses the advantages claimed for it in the patent and thus has a critical bearing on the issue of the patent's validity.

The court below, after hearing, denied the plaintiff-appellant's motion for relief and it promptly on March 11, 1963, filed notice of appeal. The defendant-appellee thereupon moved this court under our Rule 25(3) to docket and to affirm or dismiss that appeal. This is the motion now before us.

The plaintiff-appellant conceded, as it of necessity had to, that the Hack patent acknowledged as old in the art soles designed to give merely springing action. The patentable novelty claimed for the Hack sole was that with each step it gave "forward propulsion" to the foot, thus conserving energy by increasing the length of each stride. The court below after full hearing wrote a carefully prepared opinion wherein it found that the Hack structure did not have the advantage claimed for it, at least to any significant extent. This court after considering the record and arguments held that the conclusion of the court below, instead of being clearly erroneous, was clearly correct, and affirmed.

■■ The evidence now offered to refute that finding falls into two general categories: evidence of "Chinese copying" and evidence of "commercial success." As such the evidence in both categories, although relevant, is not of primary importance on the issue of validity. It is only make-weight evidence to be thrown into the balance when the issue of validity is doubtful. That issue in this case both the court below and this court thought was not doubtful but clear. Wherefore we think the proffered evidence quite insufficient to support a different conclusion.

Moreover, after this court held the Hack patent invalid, its structure was open to the defendant-appellee to copy if it saw fit. And the commercial success of the structure, for all that appears, could as well be referable to advertising, to continuing fashion, or to the comfort of the sole because of its resilience, as to any possible "forward propulsion" it might afford.

Giving the appellant the benefit of every possible doubt, we see no ground upon which we could say that the court below had abused its discretion in denying the appellant relief under Rule 60(b).

The appellee's motion to docket will be granted, and judgment will be entered affirming the order of the District Court.

* See United States v. Newbury Mfg. Co., 123 F.2d 453 (C.A. 1, 1941).