[S. F., No. 10.   In Bank.—August 5, 1895.]

C. H. KAUFMAN, Petitioner, v. SUPERIOR COURT OF·THE CITY·AND COUNTY OF SAN FRANCISCO et al., Respondents.

Appeal—Order Setting Aside Judgment—Dismissal—Jurisdiction of Court Below.—An order setting aside a former judgment of dismissal is an appealable order, and, where an appeal is taken therefrom, the court below cannot proceed in the cause until the appeal is heard and determined.

Id.—Interpleader—Appeal by Plaintiff—Order to Pay Money into Court—Prohibition.—Where an action of interpleader has been dismissed, and, under order of the court, the plaintiff has withdrawn the money deposited, and has subsequently appealed from an order setting aside the former judgment of dismissal, the court has no jurisdiction pending such appeal, to grant an order for the repayment of the money into court, and prohibition will lie to prevent the entering of such order.

ID.—REVIEW UPON PROHIBITION—APPEAL BY PARTY AGGRIEVED—JURIS-
DICTION.—Whether the plaintiff in an action of interpleader appealing
from an order vacating a judgment of dismissal is a party aggrieved is
a question which cannot be determined upon a petition of prohibition to
prevent the court below from acting in the case until the appeal is
heard and determined; neither will this court inquire, until the appeal
is heard, whether the court had or had not jurisdiction to enter the
order appealed from.

APPLICATION in the Supreme Court for a writ of pro-
hibition to the Superior Court of the City and County
of San Francisco.   WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop,* for Petitioner.

*Frank Shay,* for Respondents.

McFARLAND, J.—Petition for a writ of prohibition
commanding the superior court of the city and county
of San Francisco, and the judge thereof, to desist and
refrain from any further proceedings on a motion in
said court for an order requiring the petitioner to pay
certain money into said court.   The application for the
writ was submitted here upon an objection by respond-
ents, in the nature of a demurrer, to the sufficiency of
the petition; and for the purposes of the decision the
averments of the petition must be taken as true.

The petitioner in May, 1889, commenced an action
in the nature of an interpleader in said superior court,
entitled *"Kaufman* v. *Shain et al."*   The complaint in
the said action was subsequently amended, and its aver-
ments were substantially these: That plaintiff (Kauf-
man, petitioner herein), as assignee of one Mackenzie,
an insolvent, was in possession of five thousand seven
hundred and sixty-nine dollars and fifty-two cents, as-
sets of said insolvent, which was claimed by various
persons in hostility to each other, who are made par-
ties defendant; that litigation was pending in which the
rights of some of the defendants to said money was in-
volved; that plaintiff claimed no interest in said money,

and was willing to pay the same into court, and had done so. The prayer was that defendants be required to interplead, etc., and that plaintiff be discharged from all liability to defendants for said money upon his paying the same into court, or to such person as the court should declare entitled to the same. The defendants, Herrlich, Hanlon, and Davis, filed demurrers to the complaint. On October 10, 1890, the judge of said court caused tо be entered on the minutes of said court an order sustaining the demurrer of said Herrlich and Hanlon, and adjudged further as follows: "It is further ordered that this cause be, and the same is hereby, dismissed." Thereafter, on March 14, 1894, on the application of defendant Davis, judgment of dismissal in pursuance to said order of October 10, 1890, was entered, which judgment, after a recital of said order of October 10, 1890, is as follows:

" Wherefore, by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged and decreed that C. H. Kaufman, plaintiff, do take nothing by this his action as against Joseph E. Shain *et al.*, defendants, but that a judgment of dismissal be, and the same hereby is, entered herein that said defendants have and receive their costs incurred herein, amounting to the sum of $——. Judgment recorded March 14, 1894, B. 19, p. 433."

Afterward, on May 1, 1894, defendant Davis filed and served a notice of motion to amend the said order of October 10, 1890, by striking therefrom the words:

"It is further ordered by the court that this cause be and the same is hereby dismissed"; and also, on said May 1, 1894, served a notice of motion to amend the said judgment of dismissal entered March 14, 1894, so as to make it affect only Herrlich and Hanlon alone, and not Joseph E. Shain *et al.* These motions were afterward heard and submitted, and on August 20, 1894, the court made the following order: " The minute order of October 10, 1890, is amended by striking out the words, ' it is further ordered by the court that

this cause be and the same is hereby dismissed,' and: the judgment entered in the clerk's office, and recorded. there on the 14th day of March, 1894, is set aside.. August 20, 1894.

[SIGNED.]   " WILLIAM T. WALLACE, Judge. "

From this order of August 20, 1894, the said Kaufman,. plaintiff in said action and petitioner in this proceeding, duly appealed to this court, and his appeal is now here pending.

After the said order of October 10, 1890, dismissing said action, viz; on August 18, 1891, the judge of said court made an order authorizing Kaufman to withdraw from the county treasury, where it had been deposited, the said sum of money, less a small amount levied against it for taxes, and, in pursuance of said order, Kaufman withdrew said money. Before said appeal had been taken, as aforesaid, the said Davis gave notice of a motion for an order requiring said Kaufman to pay said money into court with interest; and said motion came up for hearing after said appeal had been taken, when the judge of said court, respondent herein, announced that as an appeal had been taken from the order of August .20, 1894, he would not proceed with the hearing of said motion, adding that he would not proceed unless compelled to do so by the supreme court of this state. Thereupon the said Davis, on September 21, 1894, petitioned the supreme court for a writ of mandate to compel the said judge to proceed with the hearing of said motion; and this court, on January 5, 1895, after a hearing, denied said writ and dismissed the proceeding. Nevertheless, the said Davis, on February 1, 1895, again called up said motion to compel said payment of said money into court; and, after argument, the judge (respondent herein) announced from the bench that he would entertain said motion, would consider it as submitted, and would grant the order for the said payment of said money into court; but that he would give petitioner sufficient time, before entering said order, to petition this court for a writ of prohibi-

tion.    Thereupon the petitioner, Kaufman, commenced this present proceeding.

There can be no doubt that the writ should issue. The case is clearly within the rule of *Livermore* v. *Campbell*, 52 Cal. 75, and that case furnishes an answer to the positions taken by counsel for respondents. The order of August 20, 1894, setting aside the former judgment of dismissal, was undoubtedly an appealable order, as expressly held in *Livermore* v. *Campbell*, *supra;* and, as was said in that case, " until such appeal is heard, this court will not inquire whether the court or clerk had or had not jurisdiction to enter the judgment.    The case being in this court by appeal, the court below cannot proceed in it until the appeal is heard and determined.    (Code Civ. Proc., sec. 946.)"    As we said when the petition for a writ of mandate to compel the respondents to proceed with the motion was before us, " whether the appellant was really a ' party aggrieved' " is a question which we cannot determine on this proceeding.    (9 Cal. Dec. 944.)

Let a peremptory writ issue as prayed for.

Van Fleet, J., Henshaw, J., Harrison, J., Garoutte, J., and Beatty, C. J., concurred.