LOUIS METZGER & CO. v. BERLIN et al.

(Circuit Court of Appeals, Second Circuit. February 6, 1912.)

No. 169.

PATENTS (§ 317*)—SUIT FOR INFRINGEMENT—INJUNCTION.

An order refusing to limit an accounting in an infringement suit, which had been extended by the master to new structures, and directing an injunction, although the interlocutory decree, under which the accounting was still in force and not appealed from, granted a similar injunction, *held* improvidently entered; its only apparent purpose and effect being to enable the parties to present the questions of infringement by the different devices to the appellate court piecemeal.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 559–565; Dec. Dig. § 317.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Louis Metzger & Co. against Samuel N. Berlin and Bernhard Trosky. From an order granting an injunction, defendants appeal. Reversed.

Appeal from an order in a suit to restrain the alleged infringement of letters patent No. 964,476, issued on July 12, 1910, to David Metzger for an improvement in feather plumes. On December 28, 1910, an interlocutory decree was entered in this cause, finding the patent valid and infringed, and ordering the issuance of a perpetual injunction and an accounting before a master. On February 3, 1911, an injunction was issued against the defendants as provided in the interlocutory decree. No appeal was taken from the interlocutory decree. Between the entry of the interlocutory decree and October 4, 1911, the accounting proceedings went on before the master, and in such proceedings various structures made by the defendants, which were not before the court at the time of the entry of the interlocutory decree, were presented, and questions were considered in various forms as to whether such structures constituted infringements of the patent. On October 4, 1911, an order was entered, upon consent, vacating and setting aside said injunction of February 3, 1911, but not purporting to vacate or set aside said interlocutory decree, or any part thereof. On October 5, 1911, an order was entered reciting the proceedings in the cause, and the acts of the master in extending the accounting to include structures made before and since the entry of the interlocutory decree, and refusing to stay or limit the accounting, and also containing an order for an injunction to restrain the infringement of the patent in substantially the same terms as the order for the injunction in the interlocutory decree. This order of October 5, 1911, did not purport to vacate any part of said decree, and the present appeal is from such order.

J. Edgar Bull, Edmond Congar Brown, and Herman A. Brand, for appellants.

William E. Warland, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Whatever may have been the purpose of the parties, no provision of the interlocutory decree in this cause has been vacated, so that at the time the order appealed from was granted there was outstanding an injunction order, which was as effective as the present one, to restrain the defendants from manufacturing any and all devices infringing the patent. And while the parties may have prepared the vacating order in the existing form through a failure to

distinguish between an order for an injunction and the writ, we are not satisfied, viewing the matter in a broader aspect, that the court below intended to or did review the correctness of the interlocutory decree in the light of the testimony subsequently offered before the master.

The order in question is, strictly speaking, appealable, and the appeal cannot be dismissed. But the granting or withholding of an order, for an injunction rests in the sound discretion of the court, and it is our duty to determine whether this order was providently entered.

The master is bound to pass upon the question of infringement as to all devices brought before him on the accounting, and when his report is filed the court can review his finding, and all the devices presented to him which are claimed to infringe can then be passed upon by the court. And after the final decree an appeal can be taken to this court, and a review of the findings of the court and master obtained. So the question of the infringing character of new structures can be presented to the court below upon contempt proceedings.

The present appeal seems to be an attempt to bring the questions before this court piecemeal, and to have each device passed upon separately. We cannot approve this practice, and think the second injunction order an improvident exercise of the court's power. Consequently we reverse it, without costs, and without passing upon the merits, with leave to the parties to test the question of infringement in the court below by proper proceedings, and in this court on appeal from final decree, and with leave to the complainant to apply to the court below to reissue the vacated writ of injunction.