WILLIAM CRAMP & SONS SHIP & ENGINE BUILD–
ING COMPANY *v.* INTERNATIONAL CURTISS
MARINE TURBINE COMPANY.

PETITION FOR CERTIORARI TO THE CIRCUIT COURT OF
APPEALS FOR THE THIRD CIRCUIT.

No. 1032.   Petition for writ of certiorari submitted April 14, 1913.—
Decided May 26, 1913.

This court does not sanction the procedure of the trial court in virtually declining to examine the merits of the case and entering a *pro forma* decree for the sake of expediting the hearing of the case on appeal, even though the court were actuated in so doing by a sense of public duty.

Under § 120 of the Judicial Code, which is a reënactment of a provision to the same effect in the act of March 3, 1891, a judge who has heard the case in the first instance may not sit in the Circuit Court of Appeals for the purpose of reviewing his own action, even though in the court below he merely entered a decree *pro forma* without expressing any opinion on the merits and no objection was raised by either party to his sitting in the Circuit Court of Appeals.

The trial and disposition of a case by a court organized in violation of a direct provision of statute is such a grave error and involves con-

siderations of such public importance as make it the duty of this court to allow a writ of certiorari without considering the merits.

Where it is manifest on the petition for certiorari that the judgment sought to be reviewed was rendered by a court not properly organized, this court need proceed no further; in such a case the writ of certiorari may be granted, the petition stand as a return to the writ, the judgment reversed and the cause remanded.

THE facts, which involve the construction of § 120 of the Judicial Code prohibiting the judge passing on the cause in the first instance from sitting in the Circuit Court of Appeals, and the procedure of this court in regard to a case here on petition for certiorari in which such a condition exists, are stated in the opinion.

*Mr. James R. Sheffield, Mr. Clifton V. Edwards* and *Mr. Samuel Dickson* for the petitioner.

*Mr. Frederick P. Fish* and *Mr. R. N. Dyer* for the respondents.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The Curtiss Marine Turbine Companies, the respondents, as the owners of several United States letters patent, sued the Cramp & Sons Ship and Engine Building Company, the petitioner, for infringement, because that company had contracted with the Navy Department to build certain torpedo boat destroyers to be propelled by turbine engines, which were to be constructed by the Cramp Company in accordance with specifications which, it was alleged, would cause the engines when built in accordance with the contract, to infringe the patents sued upon.

The Cramp Company questioned the jurisdiction of the court on the ground that as it had made or proposed to make no engines which could under any possible view be

an infringement of the patents sued on, except the engines which it was engaged in making for the United States, for use in its war vessels, there was no right to an injunction and therefore no jurisdiction in equity. Defenses as to the merits of the cause were also set up challenging the novelty of the matters covered by the patents sued upon and denying in any event that the engines to be built under the contracts would infringe the patents relied upon. When the case was ripe for hearing, on February 1, 1911, it was argued and taken under advisement by the court. On April 10, the court announced the following memorandum opinion:

"Since the argument of this case the current business of the court has engaged my time so fully that I have not been able to consider it. If it is to receive the study it requires, at least two or three weeks' continuous attention would be necessary. Other matters also, to which I need not refer more particularly, have concurred to prevent me from taking it up, and I have therefore decided to enter a *pro forma* decree, in order to send the controversy to the Court of Appeals as speedily as possible. I wish to add with emphasis that the decree now to be entered in favor of the defendants is not to be construed as affording the slightest intimation of my opinion concerning the merits. I have formed no opinion whatever on that subject; but, as the unusual importance of the suit will certainly carry it to the appellate courts, I feel justified under the circumstances in making a purely formal disposition of the matter in its present stage.

"The clerk is directed to enter a decree dismissing the bill. For the present, no order concerning costs will be made in this court."

A *pro forma* decree was entered against the complainants dismissing the bill. The case having been taken to the Circuit Court of Appeals, that court found that one of the patents sued upon was valid and had been infringed. The

decree of the District Court was therefore reversed and the case was remanded with directions to enter a decree for damages but without allowing an injunction. For the purpose of hearing and disposing of the case, the Court of Appeals was composed of two circuit judges and of the district judge who had heard the case below, had announced the memorandum opinion and had entered the *pro forma* decree of dismissal. In disposing of the case the court, referring to the action of the trial court in entering the *pro forma* decree, said:

"In order to secure an early hearing by a full bench of this court and with its consent a formal decree was entered by stipulation. On appeal the cause is now really heard at first instance, and finally by this court."

On the refusal by the court below, of an application to rehear, the application for certiorari, which we are now considering, was made. It is based upon the following grounds which it is insisted involve considerations apart from questions of mere error, of so grave a character and of such general importance as to justify the allowance of the writ of certiorari for their correction. First, the action of the trial court in failing to examine and pass upon the case, and in entering a merely *pro forma* decree as a means of expediting the ultimate and final decision of the cause in the Circuit Court of Appeals. Second, the participation by the District Judge who had heard the case below and had entered the decree which was under review in the hearing and decision of the case in the Circuit Court of Appeals. Third, the public consideration which the decision of the cause involves as demonstrated by the fact that the only act of infringement relied upon, consisted in the execution by the defendants of a contract with the Government for the construction of vessels of war.

As to the first ground, however much we may appreciate the sense of public duty which led the trial court virtually to decline to examine the merits of the case and enter the

*pro forma* decree so that no time might be lost in taking the case to the Circuit Court of Appeals, we do not wish to be understood as giving our sanction to such procedure. Although we say this, we nevertheless think the contention which is based upon the action of the court, in this respect, is without merit, first, because no objection seems to have been made concerning the matter in the trial court, and none, it also seems, was raised on the hearing in the Circuit Court of Appeals. Indeed, that court, as we have pointed out, considered that the action of the trial court was the result of a stipulation between the parties. While it is true the accuracy of this conception of the situation is questioned in the brief filed on this hearing, by the petitioners, it is not suggested that any objection was made in the trial court to the entry of a merely *pro forma* decree or that any error was predicated upon such action when the case was heard in the Circuit Court of Appeals.

The second proposition is of graver moment because of the proviso to § 120, of the Judicial Code, saying "that no judge before whom a cause or question may have been tried or heard in a district court, or existing circuit court, shall sit on the trial or hearing of such cause or question in the Circuit Court of Appeals." This provision is but a reënactment of a prohibition found in the Judiciary Act of March 3, 1891, 26 Stat. 826, chap. 517, and its controlling application to this case is not open to controversy. *Rexford* v. *Brunswick-Balke Co., ante,* p. 339, 344, and cases cited.

But it is said, although the strict letter of the prohibition may be here applicable, its spirit and purpose are not here controlling because the judge who heard and disposed of the case in the first instance, and who sat in the Circuit Court of Appeals for the purpose of reviewing his own action did not in substance form or express an opinion on the case in the first instance, but merely entered a *pro*

*forma* decree for the purpose of enabling the case to be heard for the first time by the reviewing court acting *pro hac vice* as a court of first instance. This contention is devoid of merit, since it must rest upon the conception that a trial judge, despite the express prohibition of the statute, may endow himself with power to sit in the Court of Appeals and review a decree by him rendered if only from a mistaken sense of duty he has adjudicated the merits of a case without considering them. It is urged, however, that as no objection was made to the participation of the trial judge in the hearing and decision of the case in the Circuit Court of Appeals, and indeed that consent was given to his doing so, the objection is not now open, and the statute therefore should not be applied. Conceding, however, that the asserted consent was given, the error of the conclusion based upon it is conclusively demonstrated by the construction long since affixed to the statute, and quite recently reiterated and enforced in *Rexford* v. *Brunswick-Balke Company, supra*. Indeed, as pointed out in the *Rexford Case*, the comprehensive and inflexible character of the prohibition was intended to prevent resort to consent of the party or parties as a means of qualifying a judge to participate in the decision of a case in the Circuit Court of Appeals, when without such consent, because of the prohibition of the statute, he would be disqualified from so doing, a purpose whose public policy is not difficult to understand.

As the considerations just stated demonstrate that the case was tried and disposed of below, by a court organized, not in conformity to law, but in violation of the express prohibitions of the statute, we think it plainly results that an error of so grave a character and involving considerations of such public importance was committed as to cause it to be our duty to allow the writ of certiorari, without at all considering for the purpose of such allowance the questions urged concerning the merits of the cause.

In view, however, of the character of the error which causes us to allow the writ, that is, the mistaken organization of the court below, the question naturally arises, what is our immediate and further duty; that is, must we, after granting the writ, permit the case to remain on the docket until in turn it is reached for hearing, or should we at once, on the allowance of the writ, remand the case so that it may be heard and disposed of in the court below, conformably to the statute?   If the first course be pursued, it is obvious not only that delay must follow, but that when the merits are heard we will be virtually exerting the powers of a court of first instance, since we will be called upon, not to review the action of a court below, organized conformably to law, but to decide, virtually in the exercise of original jurisdiction, questions which the law contemplated should be previously passed upon by an inferior court lawfully constituted.   Under such circumstances we think, as pointed out in *Lutcher & Moore Lumber Co.* v. *Knight,* 217 U. S. 257, 267–268, our duty is not to hold the case upon the docket, for ultimate decision upon the merits, but to at once reverse and remand to the court below so that the case may be heard by a competent court, conformably to the requirements of the statute. When on approaching in the *Lutcher & Moore Case* the consideration of the merits of the case, pending because of a previous allowance of a writ of certiorari, it developed that the Court of Appeals had virtually failed to decide the case and therefore that a review of the merits here would be in substance but the exercise of original jurisdiction it was held that the duty was not to do so, but to remand the cause to the Circuit Court of Appeals, so that that court might properly discharge the duty cast upon it by law.   Such conclusion is of course cogently applicable here, where the question is not merely an error committed by the Circuit Court of Appeals in failing to decide the merits, but an error resulting from the fact

that the Circuit Court of Appeals which passed upon the case, was virtually no court at all, because not organized in conformity to law.

Our orders will therefore be:

*Writ of certiorari granted; the record of such writ to stand as a return. And,*

*The decree of the Circuit Court of Appeals will be reversed and the cause remanded with directions for further proceedings in conformity to this opinion.*