KLEIN et al. v. ELLETT et al.

(Circuit Court of Appeals, Third Circuit. January 30, 1922.)

No. 2793.

Patents ⊜⟶324(5)—Question of infringement by new structure primarily for trial court.

> After a Circuit Court of Appeals has affirmed a decree finding a patent valid and infringed, it will not on a subsequent appeal, arising out of the accounting, construe its decree for the purpose of determining whether or not a new structure, made by defendant and sought to be brought into the accounting, is within its scope.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in equity by Frederick S. Ellett and the Eclipse Machine Company against Alexander Klein and the Harley Davidson Motor Company. Decree for complainants. From an order granting a supplementary injunction, defendants appeal. Appeal dismissed.

See, also, 259 U. S. 414, 42 Sup. Ct. 527, 66 L. Ed. ——.

Melville Church, of Washington, D. C., Edwin B. H. Tower, Jr., of Milwaukee, Wis., and William S. Hodges, of Washington, D. C., for appellants.

Archibald Cox and Robert W. Byerly, both of New York City, and C. L. Sturtevant, of Washington, D. C., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. The inventions of the patents in suit relate to clutches for motorcycles. On an opinion reported in 252 Fed. 805, 164 C. C. A. 645, this court held certain claims of two patents valid and infringed.

After the mandate had gone down, the District Court entered an interlocutory decree, enjoining in general terms all infringements of the claims specified, and referred the case to a master for an accounting. Thereafter the defendants made and used clutches of a new design, which they claim are outside the scope of the decree. Accordingly they moved the master to exclude them from the accounting. The master denied the motion. The defendants then petitioned the District Court for an order on the master to the same end. Recognizing that a decision in the matter called for a construction of the decree of this court on appeal, the District Court confirmed the master's ruling by entering an order denying the defendants' petition. The plaintiffs then appeared, and, taking a position opposite that of the defendants, moved the court for a construction of its interlocutory decree that would include as infringements the defendants' later clutches, and for a "specific" injunction—in effect a supplementary injunction—against their use. The court entered the order and awarded the injunction prayed for. Thereupon the defendants brought this appeal. By these several moves the parties obtained what evidently both desired.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Without expressing an opinion upon the scope of the order as affecting infringement, we are quite certain that the order was made and the additional injunction awarded under a misconception of the practice prevailing in this circuit with regard to alleged infringements after decree.

The purpose of both proceedings below, the one instituted by the defendants and the other by the plaintiffs, was to try out in the courts, during the progress of the accounting, a question of after-infringement. To do this with certainty, an interpretation of the scope of the appellate court's decree was considered necessary. Such interpretation, it was thought, could best be given by the court that made the decree; hence this proceeding for what we may call an advisory review on an interlocutory appeal.

The procedure by which the opinion of this court as to the scope of its decree is sought for the guidance of the master in determining the scope of an accounting still in progress is, in its essentials, the same as the procedure instituted by the plaintiff in Minerals Separation, Limited, v. Miami Copper Co. (D. C.) 268 Fed. 862, praying the Circuit Court of Appeals to hold that certain practices after the interlocutory decree were infringements, within its interpretation of the patent claims. The court found this proceeding was not within the practice of this circuit. 269 Fed. 265. This court, at its present term, adhered strictly to that decision, when, on the reverse of the situation, the defendant in Minerals Separation, Limited, v. Miami Copper Company sought its opinion as to the scope of its decree by petition for a writ of mandamus to be addressed to the District Judge commanding him to instruct his master to exclude from the accounting certain post decree practices on the ground that they were not infringements. Although these proceedings were different in form they were alike in their purpose to have the court stop and pass in review upon every new process as it was put into practice during the accounting and determine immediately whether it was within or without the scope of its decree. The court dismissed the petition.

As we have not been persuaded to establish a practice never recognized in this circuit, we are constrained to dismiss this appeal, leaving the order in question wholly within the control of the District Judge.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes