## EX PARTE IN THE MATTER OF HARLEY-DAVIDSON MOTOR COMPANY ET AL., PETITIONERS.

### PETITION FOR A WRIT OF MANDAMUS.

No. 26, Original. Motion for judgment notwithstanding rule to show cause. Submitted April 24, 1922.—Decided June 5, 1922.

1. The granting by the District Court with the acquiescence of the parties of an order of interlocutory injunction, merely that it may be appealed to the Circuit Court of Appeals and the cause thus in effect be submitted to that court as though it were a court of original jurisdiction, is not a compliance with § 129, Jud. Code, which contemplates review after the District Court has itself heard and considered. P. 416.
2. An appeal in such case gives jurisdiction to the Circuit Court of Appeals; and, although that court may decline to consider the merits and may reverse and remand the cause for proper proceedings because of the *pro forma* character of the order appealed from, it cannot dismiss the appeal for that reason, and thus leave the interlocutory injunction in force. P. 418.

Mandamus issued.

MANDAMUS to require the Circuit Court of Appeals and its judges to entertain and determine an appeal from an order of the District Court granting an interlocutory injunction.

*Mr. Melville Church, Mr. William S. Hodges* and *Mr. Edwin B. H. Tower, Jr.,* for petitioners, in support of the motion.

MR. JUSTICE DAY delivered the opinion of the court.

Harley-Davidson Motor Company and Alexander Klein filed a petition for a writ of mandamus to the judges of the Circuit Court of Appeals for the Third Circuit. In substance it sets forth: That in a suit for infringement of letters patent relating to clutches for motorcycles, brought in the District Court of the United States for the Eastern

District of Pennsylvania by the Eclipse Machine Company and Frederick E. Ellett against the petitioners, a decree was entered by the District Court dismissing the plaintiffs' bill, 244 Fed. 463. Upon appeal to the United States Circuit Court of Appeals for the Third Circuit the decree of the District Court was reversed, 252 Fed. 805. The District Court pursuant to the mandate of the Circuit Court of Appeals entered an interlocutory decree adjudging claims 1, 8, 11 and 12 of letters patent No. 1,018,890, and claim 1 of letters patent No. 1,071,992 to be valid and infringed by the petitioners; and granted an injunction, with reference to a master to take and state an account. Subsequently, in the proceedings before the master, petitioners insisted that the master should exclude from consideration certain other types of clutches, which are described. The later types, it is averred, were devised after and in view of the decision of the Circuit Court of Appeals, and were being largely manufactured and sold by the petitioners. But the master overruled the petitioners' contention and ordered that the accounting proceed as to said types of clutches. The petitioners filed a petition in the District Court asking the court to direct the master to exclude from the accounting the clutches aforesaid, but the District Court denied the petition and confirmed the order of the master. Plaintiffs made and submitted a motion to the District Court asking that petitioners be enjoined from manufacturing, using or selling the types of clutches in controversy. The District Court entered an interlocutory order granting an injunction and allowing an appeal from the order to the Circuit Court of Appeals. Petitioners thereafter duly perfected their appeal to the Circuit Court of Appeals, consisting of the judges named in the present petition. That court dismissed the appeal without passing upon the merits thereof, although it was properly taken under § 129 of the Judicial Code. Petitioners prayed for the writ of

mandamus to the judges constituting the Circuit Court of Appeals, and to that court, commanding them and it to entertain and determine the appeal, and for such other relief as might seem appropriate and in conformity to law.

An order to show cause was issued, and a return made by the judges. The cause now comes on for hearing on motion for judgment for the petitioners notwithstanding the return.

The return sets forth that the order in the District Court granting the interlocutory injunction was entered *pro forma* as a means of propounding certain questions of infringement to the Circuit Court of Appeals which the District Court failed to pass upon. It recites the proceedings in the District Court in the attempt to exclude from the accounting the disputed types of clutches, and avers that in the course of the proceedings the District Court ruled that while ordinarily it would be its duty to determine the question raised as to whether or not the particular types were within the decree of infringement, it suggested that the plaintiffs move for an injunction restraining petitioners (then defendants) from making, using or vending the same, and that the District Court *pro forma* allow or deny the writ, that an appeal be promptly taken. A stipulation of counsel was filed in accordance with this suggestion. The District Court denied the motion to direct the course of accounting before the master, and allowed the interlocutory injunction *pro forma*. The return further sets forth that upon this record, supplemented by the frank statements of counsel to the same effect, the court declined to hear the appeal and dismissed it, leaving the order in question wholly within the control of the District Judge.

Section 129 of the Judicial Code provides:

"Where upon a hearing in equity in a district court, . . . an injunction shall be granted, . . . an appeal may be taken from such interlocutory order or decree granting . . . an injunction."

In a memorandum accompanying the return the judges of the Circuit Court of Appeals set forth that the order below having been made *pro forma,* without the exercise of judicial discretion by the District Court, did not present in any real sense an appealable order. The return further states that the order made was not in accord with the established practice in the Third Circuit. That the remedy to prevent the use of the clutches made after the decree, and claimed to have been in violation thereof, should have been sought by attachment for contempt, a proceeding for an accounting, or an original bill.

We have examined the record before us on this application, which includes the opinions of the District Court and the Circuit Court of Appeals. As this is an application for the writ of mandamus, we have no authority to review the judgment of the Circuit Court of Appeals such as we would have in cases brought before this court on appeal or writ of error. We accept, indeed there is little room to question, the conclusion and judgment of the Circuit Court of Appeals that the order of the District Court was made *pro forma* for the purpose of laying the foundation for an appeal to the Circuit Court of Appeals.

The Circuit Court of Appeals, upon abundant showing, found that the District Judge, not wishing to exercise an independent judgment upon the questions raised, made a *pro forma* order granting the injunction to the end that an appeal might be prosecuted. This was done with the acquiescence of counsel. We agree with the Circuit Court of Appeals that the effect of this method of procedure was to submit the cause to it as though it were a court of original jurisdiction, and to put upon it a labor of examination and consideration not imposed by the statute. The purpose of the statute is to enable the Circuit Court of Appeals to review the order of the District Court after that court has itself heard and considered the application. The practice of thus entering *pro forma* judgments or de-

crees has been disapproved by this court in *William Cramp & Sons Co.* v. *International Curtiss Marine Turbine Co.,* 228 U. S. 645. See also *United States* v. *Gleeson,* 124 U. S. 255.

We agree with the Circuit Court of Appeals that it was not required to consider the order, thus made by the District Court, as one properly before it on its merits. But the Circuit Court of Appeals had acquired jurisdiction by the appeal, and did not reverse the order of the District Court and remand the cause for proper proceedings, as it might have done. It dismissed the appeal. The effect of such dismissal was to leave the interlocutory injunction in full force. In this respect the Circuit Court of Appeals failed to exercise the jurisdiction conferred by law. The statute gave an appeal; the appellant had the right to have it decided. By the order of dismissal that right was denied.

We conclude that a writ of mandamus should issue requiring the Circuit Court of Appeals to decide the appeal presented. That course will leave it within its power to reverse and remand the cause to the District Court for further proceedings in accordance with law, because of the view it took of the record growing out of the *pro forma* character of the order appealed from.

*Mandamus issued.*