## CUNO ENGINEERING CORPORATION v. HUDSON AUTO SUPPLY CO. Inc. (CONNECTICUT AUTOMOTIVE SPECIALTIES CO., Intervener).

### No. 3820.

District Court, E. D. New York.

Sept. 4, 1930.

Robert Starr Allyn, of New York City, for plaintiff.

Janney, Blair & Curtis, of New York City, for defendants.

### No. 316.

Circuit Court of Appeals, Second Circuit.

April 20, 1931.

Janney, Blair & Curtis, of New York City (Laurence A. Janney, Edward T. Curtis, and John W. Thompson, all of New York City, of counsel), for appellants.

Robert S. Allyn, of New York City (Edward S. Higgins, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

## AUGUSTUS N. HAND, Circuit Judge.

In the above suit the defendants were held to infringe United States letters patent No. 1,460,095, and on August 8, 1929, an interlocutory decree was granted enjoining them from infringing the patent. No appeal was taken by the defendants from this interlocutory decree, but on August 14, 1930, over one year after its entry and after the accounting before the master had been proceeding for some time, they gave notice of a motion for a rehearing, because of newly discovered prior patents and misapprehension as to defendants' rights. The only reason given for such a belated application to reopen the case was a change of counsel since the trial and a supposed misapprehension on the part of former counsel as to defendants' rights and failure to discover two prior patents thought to show invalidity of the patent in suit. On August 22, 1930, they also served notice of a motion to dissolve the injunction contained in the interlocutory decree.

Judge Campbell held that the motion for a rehearing should be denied because of laches and because, upon the original trial, the defendants did not question validity. In his opinion he also said that he was convinced that the new reference most relied on as a ground for reopening the case did not anticipate United States patent No. 1,460,095. He accordingly made the order denying both motions, which is sought to be reviewed here, so far as it refused to dissolve the injunction. 49 F.(2d) 654.

The question at the outset is whether we have any jurisdiction to entertain an appeal. It is true that we have already denied a motion to dismiss, but our decision was without consideration of briefs on the question of jurisdiction which have been submitted on this appeal. We are now convinced that the objections to an appeal from the order are conclusive. The appealability of the order before us is governed by section 129 of the Judicial Code (28 USCA § 227), which provides as follows:

"Where, upon a hearing in a district court, * * * an application to dissolve or modify an injunction is refused, * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals."

It is settled that an appeal will not lie from an order denying a motion to open a decree and grant a rehearing. Roemer v. Bernheim, 132 U. S. 106, 10 S. Ct. 12, 33 L. Ed. 277; McMickens v. Perin, 18 How. 507, 15 L. Ed. 504; Magnetic Mfg. Co. v. Ding's Magnetic Separator Co. (C. C. A.) 37 F. (2d) 709; Willis v. Davis (C. C. A.) 184 F. 889.

Here the interlocutory decree holding the patent valid and infringed stood. The time to appeal had expired, and the decree could only be attacked by reopening the case. Leave to reopen was refused, so that a motion to dissolve the injunction in the face of that denial was mere brutum fulmen. In other words, the motion to dissolve was futile until the decree was reopened, and was so far dependent upon the motion to grant a rehearing that it should be similarly treated as regards the right to appeal from a denial of it. The Circuit Court of Appeals

of the Fourth Circuit thus ruled in Baker v. Walter Baker & Co., 83 F. 3, 5 (certiorari denied, 168 U. S. 712, 18 S. Ct. 939, 42 L. Ed. 1214), where the facts were like the present. Judge Simonton there said:

"Coupling the motion to dissolve the injunction with the petition for a rehearing of the case was, in effect, a motion to rehear the decree upon the issuance of the perpetual injunction. The refusal of the court to reconsider and rescind its action in this regard was conclusive of the matter, and is not appealable. * * * Were this not true, a party against whom a perpetual injunction has been issued after a full hearing on the merits can interrupt the references taken under the decree by a motion to dissolve, and bring the case up into this court at any time it suits its convenience."

The decisions in Wisconsin-Minnesota Gas & Elec., etc., Co. v. Hirschy Co. (C. C. A.) 28 F.(2d) 838, Monroe Body Co. v. Herzog (C. C. A.) 13 F.(2d) 705, and Louis Metzger & Co. v. Berlin (C. C. A.) 194 F. 426, are not in point, for in each of them there was an attempt to determine the scope of the injunction as to certain devices put out by the defendant since the making of the decree. The decisions upon such proceedings resembled in effect decrees after filing supplemental bills. In other words, there was essentially more than a motion for a rehearing, as was not the case here. Accordingly appeals were allowed.

In American Grain, etc., Co. v. Twin City, etc., Co. (C. C. A.) 202 F. 202, a preliminary injunction had been granted, and there was a motion to dissolve on different facts. The court held that such an application came within section 129 of the Judicial Code (28 USCA § 227), and that the order granted upon new affidavits was appealable. It was not necessary to reopen a decree as here. In Ex parte Harley-Davidson Motor Co., 259 U. S. 414, 42 S. Ct. 527, 66 L. Ed. 996, the Supreme Court held that an interlocutory decree of a District Court adjudging a patent valid and infringed but granted pro forma without passing upon the merits was appealable under section 129, and said that the proper remedy was not to dismiss, thus leaving the injunction standing, but to remand for further proceedings. That decision does not, in our opinion touch a case like the present, where the motion to dissolve added nothing to the motion for a rehearing so long as the latter motion was denied.

We may add that in our opinion Judge Campbell should clearly have denied the motion for a rehearing because of laches.

The appeal is dismissed.