## THE MAURETANIA.

## INTERNATIONAL STANDARD ELECTRIC CORPORATION et al. v. CUNARD S. S. CO., Limited.

### No. 59.

Circuit Court of Appeals, Second Circuit. Dec. 16, 1935.

Hill & Rivkins, of New York City (Robert E. Hill and Barton P. Ferris, both of New York City, of counsel), for libelants.

Lord, Day & Lord, of New York City (Allan B. A. Bradley, James S. Hemingway, and Charles W. Merritt, all of New York City, of counsel), for claimant-respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

After the libel was filed and before answer, upon written consent of the parties an order was entered reading as follows:

"Ordered that this suit be, and it hereby is, referred to James A. Hatch, Esq., as special commissioner, to hear the evidence adduced by the respective parties, and to render to this court his written findings of fact and conclusions of law thereon; and it is further

"Ordered that an interlocutory decree shall be entered in this court in conformance with the commissioner's findings of fact and conclusions of law; and it is further

"Ordered that the commissioner's fees and expenses be taxable against the unsuccessful party, unless the court shall otherwise order."

Thereafter an answer was filed, and the parties proceeded to trial before the commissioner, who filed a report containing his findings of fact and his conclusions of law to the effect that some of the causes of action should be sustained and others dismissed. The court entered an interlocutory decree in conformity therewith and adjudged that the libelants recover their costs and disbursements. The respondent appealed from that part of the decree sustaining causes of action against it, and the interested libelants appealed from that part of the decree dismissing alleged causes of action.

The appeals were argued upon the merits as though they presented an interlocutory decree brought up for review after trial in the ordinary way before the District Court. This court then raised a question as to the appealability of the decree in view of the terms of the order of reference. Supplemental briefs have been filed in which both parties argue in favor of our jurisdiction to consider the merits. Whether we are at liberty to do so is a matter of very serious doubt.

The order of reference did not contemplate that the District Court should have any review whatever of the commissioner's report, but provided that a decree should be entered in "conformance with the commissioner's findings of fact and conclusions of law." This was done. The suggestion that presumably the District Court did review the report when it was submitted with the decree is contradicted by the record. Formally the decree does not even confirm the report. It merely recites the order of reference, hearings before the commissioner, the filing of his report wherein he found that

the libelants were entitled to have an interlocutory decree sustaining the causes of action alleged in the libel, with certain exceptions, and then decreed accordingly. Although the respondent, apparently forgetting the terms of the reference, filed exceptions to the report, the District Court evidently ignored them as it was bound to do under the order of reference. The decree makes no mention of the respondent's exceptions; and the respondent has assigned no error to the ignoring of them. Indeed, the order of reference did not direct the commissioner to report the evidence to the court and his report does not state that the evidence was returned therewith. How it comes to be incorporated into the record on appeal does not appear, except by the stipulation that the record is "as agreed upon by the parties." Obviously, the consent order of reference did not contemplate any review by the District Court; and none was had. What the parties intended, as their supplemental briefs assert, was to have the commissioner's report reviewed only by this court in the interest of expediting an appeal, in analogy to the practice which obtains in an action at law referred by consent to a referee to hear and determine. See Steger v. Orth, 258 F. 619 (C.C.A.2); Demotte v. Whybrow, 263 F. 366 (C.C.A.2); Thompson-Starrett Co. v. La Belle Iron Works, 17 F.(2d) 536, 539 (C.C.A.2); Thornton v. Nat. City Bank, 45 F.(2d) 127 (C.C.A.2).

But assuming that the state practice may be followed in the federal courts in actions at law, we know of no similar practice in suits in equity or in the admiralty. The only case cited for such practice in the admiralty is Luckenbach v. Delaware L. & W. R. Co., 168 F. 560 (D.C.S.D.N.Y.). Upon consent of the proctors for the respective parties, the suit was referred to a commissioner "to hear and determine the issues in dispute * * * and to report to this court with all convenient speed." The commissioner reported that the libelants were entitled to recover a stated amount, and the respondent excepted thereto. Upon motion of the libelants, Judge Adams dismissed the exceptions on the theory that the court had no supervisory power over the commissioner's action and that "the respondent's only remedy is by an appeal." Apparently the case has been cited only three times—in The Volund (C.C.A.)

181 F. 643, 662; The Coquitlam City (D.C.) 243 F. 767, 768; and P. Sanford Ross, Inc., v. Public Service Corporation, 42 F.(2d) 79, 80 (C.C.A.3). The first two citations expressly distinguish it, apparently because of differences in the terms of the orders of reference; the last cites it for the proposition that the findings of a commissioner are usually not disturbed by the court unless obviously erroneous. If that is all Judge Adams meant, no one could quarrel with the decision. If it means what it seems to say, namely, that the District Court has no power to change the commissioner's findings and conclusions, it does not now (if it ever did) correctly state the proper practice, as it flies directly in the teeth of Admiralty Rule 43½ (28 U.S.C.A. following section 723) promulgated by the Supreme Court in 1932 (286 U.S. 572), of which more will be said hereafter. What Judge Adams said with respect to an appeal being the respondent's only remedy was of course dictum. We have been referred to no case in which an appellate court has reviewed an interlocutory decree in admiralty entered without consideration by the District Court.

The notion that the District Court may be thus short-circuited and an appeal from the commissioner brought directly to this court is not only unknown to any practice of which we are informed, but is contrary to decisions in analogous cases. In Ballot v. United States, 171 F. 404, 405 (C.C.A.1), the Circuit Court, upon written consent of the parties given to expedite an appeal and "without prejudice to the right of appeal," affirmed a decision of the Board of General Appraisers. An appeal from the judgment so entered was dismissed on the ground that the Circuit Court of Appeals, if it heard the appeal, would in substance be acting as a court of first instance and beyond its jurisdiction. It is true that an appeal in the admiralty is said to be a trial de novo. The John Twohy, 255 U.S. 77, 41 S.Ct. 251, 65 L.Ed. 511. But this does not mean that for all purposes our jurisdiction in admiralty is identical with that of the District Court. Moreover, if we were deemed to sit as a court of first instance, it would be difficult to escape the conclusion that the stipulation that an interlocutory decree shall be entered in conformity with the commissioner's findings and conclusions

would be as binding upon us as upon the District Court.

Ex parte Harley-Davidson Motor Co., 259 U.S. 414, 42 S.Ct. 527, 66 L.Ed. 996, presents another interesting analogy. There the District Court with the acquiescence of the parties granted an interlocutory injunction without the exercise of judicial discretion, merely in order that it might be appealed. The Circuit Court of Appeals held that the order was not appealable and dismissed the appeal. Klein v. Ellett, 285 F. 31. A petition for mandamus was filed in the Supreme Court to require the circuit judges to entertain the appeal. In speaking of the pro forma order granting the injunction to the end that an appeal might be prosecuted, Mr. Justice Day's opinion said, 259 U.S. 414, at page 417, 42 S.Ct. 527, 528, 66 L.Ed. 996: "We agree with the Circuit Court of Appeals that the effect of this method of procedure was to submit the cause to it as though it were a court of original jurisdiction, and to put upon it a labor of examination and consideration not imposed by the statute. The purpose of the statute is to enable the Circuit Court of Appeals to review the order of the District Court after that court has itself heard and considered the application. The practice of thus entering pro forma judgments or decrees has been disapproved by this court in William Cramp & Sons Co. v. International Curtis Marine Turbine Co., 228 U.S. 645, 33 S.Ct. 722, 57 L.Ed. 1003. See, also, United States v. Gleeson, 124 U.S. 255, 8 S.Ct. 502, 31 L.Ed. 421." Although agreeing that the Circuit Court of Appeals was not required to consider the order as one properly before it on the merits, the Supreme Court held that the Circuit Court of Appeals had jurisdiction and was wrong in dismissing the appeal, thus leaving the injunction in force. Mandamus was granted, but the court was left free to reverse and remand because of the character of the order appealed from. Similarly, in United States v. Gleeson, 124 U.S. 255, 8 S.Ct. 502, 31 L.Ed. 421, a judgment of the Court of Claims rendered pro forma for the purpose of an appeal was reversed and the cause remanded.

If these Supreme Court cases are applicable to the decree at bar, we should be justified in reversing and remanding, if not, indeed, required so to do. Even if it be assumed that we have power to review the decree and to go at large into the evidence to see whether the commissioner's findings of fact and conclusions of law are correct, we should not be disposed to do so. The duty of determining these questions, unless the stipulation of the parties precludes any court from doing it, is upon the district judge in the first instance, and we are not willing to entertain admiralty appeals without the aid to be derived from his consideration of the facts and the law.

But these cases of pro forma orders for the purpose of expediting an appeal are perhaps distinguishable from the case at bar. In them the parties agreed that the court should enter a particular decree or judgment for the express purpose of expediting an appeal therefrom. In the case at bar the consent order of reference neither indicated what decree should be entered, nor showed in any way that the anticipatory consent to the decree was given for the purpose of an appeal. Nor can the decree be classed strictly as a "consent decree," from which no appeal lies; the consent having been given prior to a determination of what the decree should be. Compare The Ansaldo San Giorgio I, 73 F.(2d) 40, 41 (C.C.A.2), affirmed on other points The Ansaldo San Giorgio I v. Rheinstrom Bros. Co., 294 U.S. 494, 55 S.Ct. 483, 79 L.Ed. 1016; Hodgson v. Vroom, 266 F. 267, 268 (C.C.A.2). The consent was both for a reference and for entry of a decree on the decision reached therein. The order clearly dispensed with judicial consideration by the District Court and placed the decision as to the facts and the law in the sole power of the commissioner. This is certainly closely akin to an arbitration and brings us to a consideration of Admiralty Rule 43½.

This rule was promulgated by the Supreme Court on May 31, 1932, and became effective September 1st of that year. 286 U.S. 569, 572; 28 U.S.C.A. following section 723. It reads as follows: "In all references to commissioners or assessors, by consent or otherwise, whether the reference be of all issues of law and fact, or only particular issues either of law or fact or both, the report of the commissioners or assessors shall be treated as presumptively correct, but shall be subject to review by the court, and the court may adopt the same, or may

modify or reject the same in whole or in part when the court in the exercise of its judgment is fully satisfied that error has been committed: Provided, That when a case or any issue is referred by consent and the intention is plainly expressed in the consent order that the submission is to the commissioners or assessors as arbitrators, the court may review the same only in accordance with the principles governing a review of an award and decision by an arbitrator." At the same time the Equity Rules were similarly amended by the addition of Equity Rule 61½, 28 U.S.C.A. following section 723 (286 U.S. 571). The purpose of these amendments we understand to have been to abolish the previously existing difference between the consent reference and the compulsory reference in the weight to be accorded by the trial court to the master's or commissioner's findings of fact. Roosevelt v. Missouri State Life Ins. Co., 70 F.(2d) 939, 944 (C.C.A.8). The difference between compulsory and consent references in suits in equity was explained by Mr. Justice Field in Kimberly v. Arms, 129 U.S. 512, 523–525, 9 S.Ct. 355, 32 L.Ed. 764. See, also, Davis v. Schwartz, 155 U.S. 631, 636, 637, 15 S.Ct. 237, 39 L.Ed. 289 (consent reference); Camden v. Stuart, 144 U.S. 104, 118, 12 S.Ct. 585, 36 L.Ed. 363 (compulsory reference). Similar distinctions existed with respect to references by consent or by compulsion in the admiralty. See The Spica, 289 F. 436, 439 (C.C.A.2); The P. R. R. No. 35, 48 F.(2d) 122, 123 (C.C.A.2). The rule does away with these distinctions and prescribes that in all references "by consent or otherwise," the commissioner's findings are to be deemed presumptively correct, but may be modified or rejected by the trial court when satisfied that error has been committed. But the reference contemplated by the body of the rule is plainly one which "shall be subject to review by the court," not one where a decree is to be entered in conformity with the commissioner's report without consideration by the court. The proviso recognizes that there may be a consent reference which by its plain intendment is an arbitration, and for that it preserves the usual review accorded to an arbitrator's award. The question then arises whether the reference in the case at bar falls within the proviso.

We may accept the statement of the parties that their subjective intent was to expedite an appeal, not to consent to an arbitration. But the material issue is not their subjective intent, but whether an intention to arbitrate "is plainly expressed in the consent order." In Merritt v. Thompson, 27 N.Y. 225, 230, it was held that an agreement to submit certain issues of fact to a referee was a submission to arbitration, and that the declaration of the parties that it should not be deemed such did not change its character. No technical phrases nor set form of words are necessary to express an intention to arbitrate. McManus v. McCulloch, 6 Watts (Pa.) 357, 360. Prior to enactment of the statute (Act March 3, 1865, c. 86, § 4, 13 Stat. 501, see 28 U.S.C.A. §§ 773, 875) permitting waiver of a jury, no review of a judgment so rendered was possible in the Supreme Court for the reason that this method of trial was unknown to the common law, except as an arbitration. As Mr. Justice Grier said in Graham v. Bayne, 18 How. 60, at page 62, 15 L.Ed. 265: "If the parties agree to submit the trial both of fact and law to the judge, they constitute him an arbitrator, or referee, whose award must be final and conclusive between them; but no consent can constitute this court appellate arbitrators." Similar language is found in Campbell v. Boyreau, 21 How. 223, 226, 16 L.Ed. 96, and numerous other cases to the same effect could be cited. If parties signify their mutual consent to the final decision of a third person, not a court, that would seem to fall within the accepted definition of an arbitration. In the case at bar the order of reference expressly excluded judicial consideration by the District Court of the commissioner's findings and conclusions. It contained nothing to indicate that the parties intended to reserve a right to appeal, although we have no doubt that such was their actual intention. It is difficult, therefore, to avoid the conclusion that the order "plainly expressed" the intent to arbitrate, and fell within the proviso to Rule 43½. If it did, the District Court's review was limited to such as is permitted by the principles governing a review of an arbitrator's award, and the review by this court of the decree appealed from would be similarly limited. This would necessarily result in affirmance.

On the other hand, if effect be given to the unexpressed but actual intent of the parties and the decree regarded as a pro forma decree to expedite an appeal, we should reverse it and remand for reasons already stated. Neither disposition would accomplish what both parties desire, namely, a judicial review of the commissioner's report.

Under the circumstances we think the proper disposition is to withhold final decision and to give the parties an opportunity to move to withdraw their appeals in order to apply to the District Court to be relieved from that provision of the order of reference which requires the court to enter an order in conformity with the commissioner's decision. If such leave be granted, the District Court will be able to review the report in conformity with Rule 43½, and a decree entered after consideration by the District Court will be reviewable here on the merits. With the consent of all the parties, withdrawal of the appeals can be had without departure from the principles declared in The John Twohy, 255 U.S. 77, 41 S.Ct. 251, 65 L.Ed. 511.

Final decision of the appeals will be deferred in order that the parties may, if so advised, apply to this court within ten days after this opinion is filed, for leave to withdraw their appeals.

L. HAND, Circuit Judge (concurring).

I think that the reference was an arbitration and the decree appealed from was a decree on an arbitration. The parties "plainly expressed" their purpose to have the commissioner decide their differences and to have a decree entered upon his decision. They did not, to be sure, call it an arbitration because, as later appeared, they mistakenly thought that they could appeal, but they said nothing about that in the stipulation. Perhaps they ought to be allowed to vacate the decree and to be relieved of the stipulation; that is for the District Court, but as the case comes here we can only affirm the decree. However, as it is interlocutory, if the appeal is withdrawn, the District Court can act as freely as though no appeal had ever been taken. I agree therefore with the disposition made.