[Civ. No. 7171. Third Dist. Oct. 13, 1945.]

ARTHUR BRACEY et al., Respondents, v. JOHN GRAY et al., Appellants.

John Gray and Dora Stuart Gray, in pro. per., for Appellants.

Coyle E. Bybee for Respondents.

THOMPSON, J.—The defendants have appealed from an order of the Superior Court of Butte County denying their motion to vacate and annul judgments entered against them in the above-entitled action on January 17, 1939, and on May 1, 1939, in a suit for possession of real property. The judgments were affirmed on appeal by this court. (*Bracey* v. *Gray*, 49 Cal.App.2d 274 [121 P.2d 770].) It is contended the decision of the appellate court is void because one of the members thereof was disqualified, under section 170a of the Code of Civil Procedure, from sitting as a member of that tribunal in reviewing the case on appeal. The appellants appeared in proper person to represent the defendants and appellants.

In 1928 the land in question was conveyed by the owner, Alice Anderson, to the defendant Dora Stuart, then unmarried, subject to a deed of trust executed to secure a debt of $2,250. Dora Stuart subsequently married the defendant John Gray, and thereafter filed a homestead on the property. The land was sold to the State Mutual Building and Loan Association, under the provisions of the trust deed, for default of payments. July 5, 1935, the State Mutual Building and Loan Association sold and conveyed the land to the plaintiffs Arthur and Adelaide Bracey. The plaintiffs then brought suit against Mr. and Mrs. Gray, in Butte County, for possession of the property. Judge Warren Steel of Yuba County tried that case and rendered judgment against the defendants. During the trial in the superior court, John Gray executed a quitclaim deed to the plaintiffs, and, with his consent, the cause was dismissed as to him. Judgment

was erroneously entered January 17, 1939, against both defendants. On motion, a new trial was granted as to the defendant Dora Stuart Gray. On retrial, judgment was rendered against her May 1, 1939. From that judgment both defendants appealed. This court affirmed that judgment January 23, 1942. Judge Steel was then sitting in this court for the hearing of the calendar during which the said appeal was argued and submitted, but he did not participate therein. The minutes of this court show that "Mr. Justice Steel deeming himself disqualified in this cause did not participate." That appeal was determined by the two other qualified justices.

■ We know of no authority of a trial court from which an appeal has been perfected to determine on motion that the decision of the District Court of Appeal is erroneous or void. That is the province of the Supreme Court. ■ But the motion in this case was to have the judgments of the trial court from which the appeal was taken declared void. Even if the decision of the appellate court were void for any reason, that fact would furnish no reason for cancelling the judgment of the trial court. We assume that after an appeal has been taken, unless it is subsequently dismissed, it must be deemed to be pending in the reviewing court until the appeal is determined. Under such circumstances the trial court is without jurisdiction to annul its judgment until the appeal has been disposed of. It is true that in a proper proceeding for certain purposes the appeal may not be deemed to oust the trial court of jurisdiction. (2 Cal.Jur. § 178, p. 415.)

■ After an appeal from a judgment has been perfected, the trial court no longer has control over the action with respect to the matters embraced therein (*Bailey* v. *Superior Court*, 125 Cal.App. 748 [14 P.2d 151]), and cannot proceed further until the appeal has been heard and determined and the jurisdiction of the trial court restored. (*Kaufman* v. *Superior Court*, 108 Cal. 446 [41 P. 476]; 2 Cal.Jur. § 178, p. 415.) In the Kaufman case, *supra*, it is said:

" 'Until such appeal is heard, this court will not inquire whether the court or clerk had or had not jurisdiction to enter the judgment. The case being in this court by appeal, the court below cannot proceed in it *until the appeal is heard and determined.*' " (Italics added.)

It follows that if the appeal was not determined by the appellate court because its decision was void, or otherwise, the appeal is still pending in that court. ■ Certainly

the trial court is without jurisdiction on a mere motion to set it aside to hold that the decision of the appellate court is void. If for any reason the judgment of the District Court of Appeal is deemed to be void, it is the province of the Supreme Court to so determine. Both this court and the Supreme Court denied appellants' petitions for writ of certiorari to review the alleged invalidity of the decision of this court on the grounds which are urged on this appeal.

There is no merit in appellants' contention that the decision of the appellate court was void for the reason that Judge Steel was a member of that tribunal pro tempore, or that he participated in the decision of that court. It is true that since he tried and determined the case in the superior court, he was disqualified from participating in the decision of the appellate court. Section 170a of the Code of Civil Procedure provides that:

"No justice, judge, or justice of the peace, before whom a cause or question may have been tried or heard, shall sit or act, in an appellate tribunal, on the trial or hearing of such cause or question."

Judge Steel did not sit, act or participate in the decision of the case in this court. He specifically disqualified himself as the uncontradicted minutes of this court clearly show. Even though he may have remained seated on the bench while the cause was argued and submitted to the appellate court, he did not participate therein, nor did he take part in the decision which that court rendered. There is no law prohibiting a disqualified justice of an appellate court from remaining on the bench during the time that such case is being argued if the record shows that he disqualifies himself and that he does not participate in the decision of the case. Certainly such disqualified justice would not be excluded from the courtroom during the argument. If he is entitled to remain in the courtroom it would seem to make little difference where he sat during that procedure.

The term "sit and act" as it is used in section 170a, supra, has been uniformly construed to mean that such disqualified justice shall not preside or participate in the hearing, trial or determination of the appeal, or exercise the duties of a member of the court in the particular case. (*Allen* v. *State*, 102. Ga. 619 [29 S.E. 470]; *Faulkner* v. *Walker*, 36 Ga. App. 636 [137 S.E. 909]; *Russell* v. *Crook County Court*, 75 Ore. 168 [145 P. 653, 146 P. 806]; Black's Law Dictionary.)

█ The tribunal is not illegally constituted as a court merely because one of its members is disqualified from participating in a particular case. Two legally qualified justices of a District Court of Appeal may render a valid decision. (Cal. Const., art. VI, § 4a.) The Constitution provides in that regard:

"The presence of two justices shall be necessary for the transaction of any business by such court except such as may be done at Chambers, *and the concurrence of two justices shall be necessary to pronounce a judgment.*" (Italics added.)

The case of *William Cramp & Sons S. & E. B. Co.* v. *International Curtis Marine Turbine Co.*, 228 U.S. 645 [33 S.Ct. 722, 57 L.Ed. 1003], upon which the appellants rely, is not in conflict with what we have previously said regarding the disqualification of one of the justices of an appellate bench to hear and determine a particular case. It is in exact accordance therewith. In the last cited case a United States District Judge rendered a judgment dismissing a petition in his court in an infringement proceeding. He subsequently sat with two other justices of the circuit court, and *"participated"* in the determination of the same case on appeal. The United States Supreme Court, in construing section 120 of the Federal Judicial Code, which provides that "No judge before whom a cause or question may have been tried or heard in a district court, . . . shall sit on the trial or hearing of such cause or question in the circuit court of appeals," said that the controlling application of that statute to the facts of that particular case was not open to controversy. But that statement was made on the record which disclosed the fact that the disqualified justice actually *participated in the hearing and determination of the appeal* in the circuit court. That case is therefore not authority in support of the appellants' contention that the decision of this appellate court is void because one of the three members of the court was disqualified since he did not participate in the decision.

█ Nor is there merit in appellants' assertion that they were deprived of due process contrary to the Fourteenth Amendment to the federal Constitution, by the disqualification of one of the justices of the District Court of Appeal in this particular case. The court was still legally constituted

and the decision was concurred in by two qualified justices as provided by article VI, section 4a, of the California Constitution.

The order is affirmed.

Adams, P. J., and Peek, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 5, 1945.