LUCKENBACH et al. v. DELAWARE, L. & W. R. CO.

(District Court, S. D. New York. March 25, 1909.)

ADMIRALTY (§ 86*)—COMMISSIONERS—FINDINGS—REVIEW BY COURT.

Where the court, upon the consent of the parties, has delegated a commissioner to hear and determine the issues in an action, the court is without power to rule upon the findings and the exceptions should be dismissed.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 621–625; Dec. Dig. § 86.*]

(Syllabus by the Judge.)

Peter S. Carter for libellants.
James J. Macklin for respondent.

ADAMS, District Judge. This is a motion on the part of the libellants to dismiss certain exceptions to a commissioner's report in this action. The matter was referred to the commissioner in an order of which the following is a copy:

"The above-entitled action being called for trial on the 11th day of June, 1907, it was consented by the proctors for the respective parties that all the issues raised in said action be referred to Herbert Green, Esq., as United States Commissioner.

Now on motion of Peter S. Carter, proctor for the libellants, it is

Ordered, that the above-entitled action be referred to Herbert Green, Esq., United States Commissioner, to hear and determine the issues in dispute, raised by the libel and answer, and to ascertain the amount due, if any, to the libellants, and to report to this court with all convenient speed."

This order was entered upon the consent of the parties. Subsequently the commissioner reported that the libellants were entitled to recover a certain amount and the respondent thereupon excepted. The present motion to dismiss was then made.

The libellants urge that the exceptions can not be considered because the whole matter was referred and the respondent's only remedy is by an appeal. It seems that this point is well taken. When the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court and the parties agreed that the matter should be heard and determined by the commissioner, apparently the court had no supervising powers over his action. It then became similar to the familiar practice in the state courts and the United States Circuit Court of using referees to assist in the work of the court, the referees in such cases being invested with the full power of the court in the respects mentioned, necessarily excluding any revision by the court.

The respondent argues in opposition that the order in question after directing the commissioner to hear and determine all the issues, also directed him to report to this court, and it is still within the power and is the duty of the court to make its own decree with reference thereto. The decree here, of course, must be made by the court. That power, under the practice prevailing here, could not be delegated and it is still necessary that the decree should be the court's, but that does not prevent the court, with the consent of the parties, from appointing a person to pass upon the law and merits of the controversies involved, without review by the court.

The exceptions are dismissed.