## THE BENCLEUCH.

## THE ELLERDALE.

(District Court, E. D. New York. August 20, 1924.)

1. Admiralty ⟨⟩85—Findings of fact of special commissioner not disturbed.

Findings of fact of special commissioner, appointed to take proof as to damage, on conflicting evidence, will not be disturbed.

2. Shipping ⟨⟩131—Measure of damages on delivery of shipment in damaged condition stated.

The measure of damages on delivery of goods in damaged condition is the difference between the market value at time of delivery and value at time of arrival in good condition.

3. Shipping ⟨⟩132(2)—Stipulations in bill of lading not available, unless pleaded.

In libel for damage to goods during shipment, stipulations as to measure of damages contained in bill of lading were not available, unless pleaded.

4. Shipping ⟨⟩131—Properly allowed libelant in action for damages to goods during shipment.

In libel for damage to goods during shipment, interest was properly awarded libelant, where there was no unreasonable delay in the litigation for which he alone was responsible.

5. Shipping ⟨⟩131—Allowance of damages for lemons sold subsequent to first auction sales, in libel for damages during shipment, held proper.

In action for damages to lemons damaged in transit, allowance of damages for lemons sold subsequent to first auction sales was proper, where every reasonable effort to obtain best possible price was made.

In Admiralty. Libels by Charles L. Fuller against the steamship Bencleuch, etc., and against the steamship Ellerdale, etc., claim-

ed by Edgar Calvert, in each of which the Cunard Steamship Company, Limited, was impleaded. Decree for libelant. On exceptions of the Cunard Steamship Company, Limited, to report of special commissioner appointed to take proof of damages. Exceptions overruled.

Finkler & McEntire, of New York City, for libelant.

Lord, Day & Lord, of New York City (Franklin Grady, of New York City, of counsel), for Cunard S. S. Co.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

GARVIN, District Judge. Two reports of a special commissioner to which exceptions have been filed are before the court. The commissioner has awarded damages to libelant of $16,298.30, with interest, in the case of the Bencleuch, and of $5,543.80, with interest, in the case of the Ellerdale.

The actions were brought by libelant, as assignee of various consignees of shipments of lemons from Italy to New York, upon the claim that many of them were damaged in transit and were delivered unfit for use. The court, after trial, upheld libelant's contention, entered a decree, and appointed a special commissioner to take proof of the damage.

The respondent, the Cunard Steamship Company, Limited, has excepted to the report, in the case of the Bencleuch, on the following grounds:

First. In that the commissioner allowed any damages at all to the libelant.

Second. In that the commissioner allowed damages for lemons condemned and destroyed by the board of health.

Third. In that the commissioner found that there is no ordinary, usual, and unavoidable breakage.

Fourth. In that the commissioner allowed damages without proof or evidence in support of said damage.

Fifth. In that the commissioner did not find that the measure of damages was governed by the bills of lading.

Fifth-A. In that the commissioner allowed interest on the sums awarded.

Sixth. In that the commissioner did not permit proof of the invoice value of the merchandise as provided in the bills of lading.

Seventh. In that the commissioner did not assess damages in accordance with the bills of lading.

Eighth. In that the commissioner allowed damages for lemons sold subsequent to the

first auction sales, without any proof that the same were sold at the first sales.

Taking the exceptions in order:

First. It seems too plain for discussion that the libelant has proved substantial damage. The record discloses this beyond question.

Second. The references to the testimony to which the commissioner refers in his report show that there was justification for allowing damages for the lemons condemned and destroyed by the board of health.

[1] Third. The testimony as to whether there can be ordinary, usual and unavoidable breakage was conflicting. The commissioner considered it with care and analyzed it in his report. With his finding of fact against the respondent the court will not interfere. To do so would be to substitute the judgment of the court for that of the commissioner, who saw the witnesses and heard them testify.

[2] Fourth. This is disposed of by what has been said respecting the first exception. The commissioner followed the proper rule respecting damages, which he computed on the basis of the difference between the net proceeds of the sale of the merchandise (i. e., the market value at the time of delivery) and their value at the time of arrival in good condition. See The Bérengère (D. C.) 155 F. 439.

[3] Fifth. He was not permitted by the interlocutory decree to assess damages in accordance with the stipulations contained in the bill of lading, but the question was reserved and has been properly argued by respondent. The court is of the opinion that, if the respondent had pleaded in its answer that the stipulations contained in the bill of lading control, a very serious question might be presented. Hart v. Pennsylvania R. Co., 112 U. S. 331, 5 S. Ct. 151, 28 L. Ed. 717; Cau v. Texas & Pacific Railway Co., 194 U. S. 427, 24 S. Ct. 663, 48 L. Ed. 1053; Leyland v. Hornblower, 256 F. 289, 167 C. C. A. 461. But this was not set up in the answers and cannot be urged unless pleaded. Hoye v. Pennsylvania R. Co., 191 N. Y. 101, 83 N. E. 586, 17 L. R. A. (N. S.) 641, 14 Ann. Cas. 414. This was recognized by respondent, who sought to amend in the Bencleuch Case, long after the trial was concluded and an interlocutory decree entered. The libelant objected vigorously, and the court concluded that it was not justified in granting an amendment of such importance, where the respondent had

been so derelict and denied the motion on the ground of laches.

[4] Fifth-A. Interest was properly awarded. There was no unreasonable delay for which libelant alone was responsible. Indeed, the respondent itself showed no great desire to speed the progress of the litigation, and, if the delay is chargeable to the parties, one is as responsible as the other. In justice to the libelant, in view of this criticism by respondent, it should be observed that, after the commissioner had held the matter undetermined for some time, it was the libelant who applied to the court, informally, for such action as might be appropriate to hasten the filing of the commissioner's report.

Sixth. This is covered by the disposition of the fifth exception.

Seventh. This likewise is disposed of by the decision upon the fifth exception.

[5] Eighth. There was no error by the commissioner in allowing these damages. The proof justifies a finding that every reasonable effort to obtain the best possible price was made.

With respect to the exceptions filed to the commissioner's report in the case of the Ellerdale, they are for the most part upon the same grounds as those filed to the Bencleuch report, and will be disposed of in the same manner.

Exceptions are also filed on the grounds that the commissioner did not exclude all damages that occurred to the lemons before they were discharged from the vessel, and that he did not find that more than one-half of 1 per cent. of the damage occurred prior to the discharge of the cargo from the vessel. There is no error on either of the grounds alleged. The exceptions are accordingly overruled.

The reports which are hereby approved have been prepared with unusual care and are most thorough and comprehensive, indicating a commendable, conscientious desire on the part of the commissioner to perform his duty in such a manner as to protect the rights of both parties. An enormous amount of detail is revealed by the elaborate compilations and computations. If there has been any slight, and scarcely to be avoided, error in that particular, although it has not been pointed out, the parties may be expected to adjust it between themselves.

Exceptions overruled.