**P. SANFORD ROSS, Inc., v. PUBLIC SERV-ICE CORPORATION OF NEW JERSEY et al.**

**No. 438 r.**

Circuit Court of Appeals, Third Circuit.

July 3, 1930.

Alexander, Ash & Jones, of New York City (Edward Ash and Max Taylor, both of New York City, of counsel), for appellant.

Henry H. Fryling, of Newark, N. J. (William H. Speer and Carl T. Freggens, both of Newark, N. J., of counsel), for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

This is an appeal from a final decree in admiralty, dismissing the libel against the respondents. The matter in controversy was referred to a Special Commissioner to hear and determine the same, including the damages sustained by the libelant, if any. The Commissioner, in his report, held that the respondent Public Service Electric and Gas Company and the libelant were both negligent, but that the libelant's negligence was the sole and proximate cause of the damage complained of. The court below overruled the exceptions to the Commissioner's report, which resulted in this appeal.

The libelant was the owner of a hydraulic dredge, and the Public Service Electric & Gas Company was the owner of certain submarine cables crossing the Hackensack river between Jersey City and the Newark turnpike. In the year 1928, the government undertook to have portions of the river dredged to widen and deepen the channel. The contract for this dredging was awarded to the Atlantic Gulf & Pacific Company, the libelant being a subcontractor of this company. On November 1, 1928, the War Department wrote to the respondents a letter, received on the following day, that the dredging operations would be commenced the following Monday, November 5. The letter contained the following: "You are hereby notified of this work in order that the necessary measures may be taken by you to protect the submarine cables owned by your corporation at this locality, as neither the United States

nor its contractor can assume any liability for any damage that might be done the cables through the prosecution of this work."

It appears that the dredge did not arrive at the location of the cables until November 9, in the morning. The dredge was ready to proceed with dredging about noon of November 10. Under the contract between the government and the Atlantic Gulf & Pacific Company it was provided that no work should be done on Sundays or holidays, except in cases of emergency, nor at night, unless authorized in writing by the contracting officer. While the cables were in the process of removal, the dredging operations were commenced. The libelant knew that the work had not been completed at 5 o'clock November 11, but gave instructions: "If no further notice by Public Service or Government inspectors, start dredging at midnight. Look out for inspector."

Without further inquiry or additional knowledge, the dredging was commenced near midnight, and, after working two or three hours, it hit the cables, which became entangled in the cutter of the dredge and resulted in considerable damage to the dredge.

■ The position of the libelant was, in substance, that the respondents had failed to obey the instructions for the removal of the cables, within the time they should have been removed, and that this negligence was the cause of the injury to the libelant. While the respondent was guilty of negligence in this regard, the libelant proceeded negligently to perform the dredging operations when it knew, or should have known, that the cables were not removed, and began the work at night, in violation of the specifications of its contract, when no exigency existed requiring that work.

If the libelant was improperly delayed through the negligence of the respondents, in failing to remove the cables in time, damages might have been recovered for such delay, but no such specific claim for damages is made in the pleading. On the contrary, the libel is founded on the damages resulting to the dredge from coming in contact with the cables.

The commissioner, who heard the testimony, and saw the witnesses, held against the libelant. If it be assumed that respondents' cables were, at the time, an unlawful obstruc-

tion, that fact did not confer upon the libelant any right to negligently injure respondents' property. The position of the libelant seems to be that, in the prosecution of dredging operations, it could lawfully proceed with the same, even though it knew the cables had not been removed. Such position cannot be maintained. If the libelant proceeded, with the knowledge that the cables were in a position to interfere with the dredge, and, for reasons of its own, it chose to proceed, without waiting until the river bed was clear, its own action would operate to be the immediate and proximate cause of the injury which it sustained. The respondent did nothing directly, in raising the cables, that injured the libelant's property. Its negligence was simply delay. But this did not compel the libelant to proceed. If it delayed an unreasonable time, damages might have been recovered by libelant for such delay, but that is not the basis of the libel.

■■ Many cases might be cited to show that, while the findings of the Commissioner are not necessarily binding on the court, the Commissioner's findings, approved by the court, raise a strong presumption in favor of the correctness of such findings. The findings of the Commissioner, depending upon the conflicting testimony, are usually not disturbed by the court, unless obviously erroneous. Luckenbach v. Delaware Railway Company (D. C.) 168 F. 560; The Bencleuch (D. C.) 3 F.(2d) 824; The North Star (C. C. A.) 151 F. 168; Kimberly v. Arms, 129 U. S. 512, 9 S. Ct. 355, 32 L. Ed. 764; Furrer v. Ferris, 145 U. S. 132, 12 S. Ct. 821, 36 L. Ed. 649.

We find nothing in the record to convict the Commissioner of any error of fact. On the contrary, we think his conclusions were correct, under the evidence, and that the law was properly applied to the facts as found.

There is no question before us of the right of the government to remove obstructions from navigable waters. But the libelant, with knowledge, actual or implied, of existing conditions, beginning work at night, when no exigency existed, without approval in writing, of the contracting officer, cannot avail himself of any rights which the government might have had, or the authority which it conferred.

We conclude, therefore, that the decree dismissing the libel should be affirmed.